RING 57 CORP., Appellant, v. PHYLLIS C. LITT, Now Known as CLAIRE KAUFMAN, Respondent.

Ughetta, Christ and Munder, JJ., concur; Beldock, P. J. and Rabin, J., dissent and vote to affirm the judgment, with the following memorandum: As a general rule, where a contract is made for the sale of real property and the time for closing the transaction is not expressly made of the essence of the contract, courts of equity may in their discretion compel specific performance of the contract even though the party asking for such relief has failed to comply with the terms of the contract as to time of performance, "providing such failure has not arisen from bad faith or inexcusable delay" (Lese v. Lamprecht, 196 N. Y. 32, 38). In our opinion, the overriding issues in this case are not whether defendant waived plaintiff's default by her acquiescence in the requested adjournments or whether it was incumbent upon defendant to demand performance by serving a notice fixing a reasonable time within which to close. As we view it, the essential question is whether plaintiff acted in good faith during the entire course of this transaction. The Trial Justice, as the trier of fact, found that "defendant at the times agreed upon was ready, able and willing to deliver title pursuant to the terms of the contract" and that "plaintiff was not ready, able and willing to close title as agreed upon." The record amply supports these findings. Plaintiff failed to appear at the closing on three separate occasions, and even on September 21, 1965, the date plaintiff set for the closing after having received notice of default from defendant, plaintiff was not ready to perform. Moreover, the evidence indicates that plaintiff did not intend to close title until it could obtain a purchaser for a resale of the premises and that it did not have such purchaser as of September 21, 1965. Under the circumstances, it is our opinion that it would be inequitable to penalize defendant for her failure to serve notice fixing a new date for the closing when, in fact, such act would have been useless and futile in view of plaintiff's demonstrated inability and unwillingness to perform the contract in accordance with its terms. In effect, plaintiff has come into a court of equity with "unclean hands" and, accordingly, it is not entitled to the relief sought.