■ VICTOR COLON et al., Respondents, v HOWELL FUEL & LUMBER CO., INC., Appellant.—Appeal from an order of the County Court, Ulster County, entered March 19, 1975, which granted plaintiffs' motion for summary judgment directing defendant to specifically perform a contract for the sale of real property. When the litigants on September 26, 1968 contracted for sale of the property here involved, plaintiffs made a down payment of $2,500 and agreed to pay the remainder in monthly installments until May 1, 1973 when the entire unpaid balance would then become due. The plaintiffs failed to pay the balance as required by the contract, but continued payment of the monthly installments which were accepted by the defendant. In March, 1974, having secured a mortgage, the plaintiffs attempted to pay the balance and have the title conveyed to them. The defendant refused to transfer title claiming that plaintiffs breached the contract by failure to pay the balance when due on May 1, 1973. As to the continued monthly payments, defendant asserts that these were accepted as only rent. County Court, finding present no triable issue of fact, granted summary judgment to the plaintiffs and ordered specific performance on the part of defendant. We also find no issues requiring a plenary trial, and, therefore, the order of County Court should be affirmed. There is no merit in the instant case in defendant's contention that plaintiffs' failure to pay the balance due on May 1, 1973 terminated their contractual rights. Time was not of the essence here since it was not so specified by the parties (62 NY Jur, Vendor & Purchaser, § 38). Moreover, defendant waived the original payment date by offering three alternate days for payment after May 1, 1973, and thus before asserting default "it was incumbent upon defendant to *demand* performance by serving a clear, distinct and unequivocal notice fixing a reasonable time within which to close. * * * Failure to do so left the contract in full effect and plaintiff entitled to specific performance". *(Ring 57 Corp. v Litt,* 28 AD2d 548, 549; *Clifton Park Affiliates v Howard,* 36 AD2d 984.) The allegation that plaintiffs' monthly payments after May 1, 1973 were received only as rent and no longer credited toward the purchase is unfounded and is insufficient to defeat a motion for summary judgment (see 6 Carmody-Wait 2d, NY Practice, § 39:29, pp 476–477). Order affirmed, with costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.