OPINION OF THE COURT
Arnold Guy Fraiman, J.
By this motion plaintiff tenant in a building that is being converted to co-operative ownership seeks to enjoin defendants sponsors from selling her apartment to anyone else pending determination of her action to compel defendants to sell the apartment to her. Defendants cross-move to dismiss the complaint.
In December, 1979 plaintiff executed a subscription agreement for the purchase of the apartment at issue, and delivered the required down payment to defendants. The agreement provided that the balance of the purchase price, $37,232 would be payable not less than 10 days after written notice from the selling agent, but that payment would not be requested more than 60 days before the closing date. Plaintiff received notice by letter dated December 20, 1979 that the closing would take place on February 20,1980 and that the balance due had to be paid by January 11, 1980. When plaintiff did not pay the balance by that date, a second letter was sent to her, *762 erroneously dated January 11,1979, which stated that her payment had to be made within 30 days after, the mailing of the second notice. Plaintiff alleges that upon receiving the December 20, 1979 notice she spoke with an agent of defendants who advised her that payment would be timely so long as it was received by February 20,1980, the closing date. She claims that upon receipt of the second letter she again spoke to defendants’ agent, who confirmed to her that payment of the balance of the purchase price could be made on February 20. On that date plaintiff tendered the balance due but defendants refused to accept it on the ground that it was untimely.
Defendants move to dismiss the complaint on the ground that no extensions of time were ever granted to plaintiff and that even if they were, any alleged oral waiver of the time for plaintiff to pay the balance of the purchase price would be barred by the Statute of Frauds and section 352-e of the General Business Law. These defenses are readily disposed of. There may be an oral waiver of the time for performance under a contract for the sale of an interest in real property. In such case the Statute of Frauds is not applicable because of the doctrine of equitable estoppel. (Royce v Rymkevitch, 29 AD2d 1029.) With respect to defendants’ reliance on section 352-e of the General Business Law, this requires that the sale of shares in a cooperative apartment building be made pursuant to an offering statement which must be strictly adhered to. Defendants contend that to permit plaintiff to complete her payments beyond the date other purchasers had to have their payments in would jeopardize the entire offering plan. In support of this argument, defendants rely upon Richards v Kaskel (32 NY2d 524). In that case the court indicated that a co-operative plan could be vitiated where the sponsor offered discriminatory contracts to induce tenants to purchase their apartments. However, in the instant case, permitting plaintiff to pay for her apartment on the closing date is not at variance with the terms of the offering plan. The subscription agreement is included as a part of the plan. It permits the sponsors to select any date for final payment, so long as the date is not more than 60 days before the closing date. Thus, the sponsors’ agree *763 ment, assuming one was made, to extend to the closing date the date for payment it had originally selected in the case of plaintiff, is not contrary to the terms of the offering plan, and the Richards case has no applicability.
Defendants have offered no competent evidence to rebut plaintiff’s contention that their agent waived the requirement that her payment be received by January 11. Accordingly, inasmuch as plaintiff will be irreparably injured if the apartment is sold to a third party, her motion for a preliminary injunction enjoining defendants from selling her apartment to a third party or interfering with her occupancy, provided she continues to pay the rent provided in the apartment’s lease, is granted, and defendants’ cross motion to dismiss the complaint is denied.