■ JOSEPH SNIDE et al., Respondents, v WILLIAM A. LARROW, Appellant, et al., Defendant. — Appeals (1) from an order of the Supreme Court at Special Term (Dier, J.), entered July 21, 1982 in Essex County, which granted plaintiffs' motion for summary judgment and denied defendant Williams A. Larrow's cross motion for summary judgment, (2) from the judgment entered thereon, and (3) from an order of said court, entered October 21, 1982 in Essex County, which denied defendant's motion for reargument. The action is for ejectment. On October 13, 1977, defendants, as purchasers, executed a conditional contract of sale of certain real property with plaintiffs, as sellers, for the sum of $30,000, payable in equal monthly installments of $200, without interest, the deed to be delivered upon payment of the purchase price in full, with all payments and any improvements made until that time to be considered rent. Upon default in payment for 30 days or more, sellers were authorized to commence summary proceedings. Payments in excess of the amount due, as permitted by the terms of the contract, were made regularly until January, 1979, and irregularly thereafter. On March 22, 1979, defendants were divorced, and, although a stipulation was executed settling issues of property distribution, custody, support and visitation rights of children, the equitable interests of the parties in the within contract of sale were not resolved. Accordingly, on August 24, 1981, defendant William A. Larrow commenced an action against his former wife, the codefendant in this action, who has not appeared therein, for a declaratory judgment settling their respective rights to the property in question. That action is still pending. On February 24, 1982, this action was commenced by plaintiffs, the father and mother of defendant Suzanne Larrow, to recover possession of the premises. Their complaint alleges default by defendants in not paying amounts due from February 1, 1981 until February 1, 1982. However, the record demonstrates that defendant William Larrow continued to make payments and obtained receipts therefor, which on each occasion indicated the balance then due on the contract. These payments were made through May, 1982, during the pendency of this litigation and up until plaintiffs' motion herein for summary judgment, which precipitated a similar cross motion by defendant, contending he was not in default under the contract. Special Term granted plaintiffs' motion, denied defendant's cross motion, but stayed his removal pending appeal subject to the continuation of monthly payments as provided by the contract. We reach a contrary result. During the life of this contract, defendant has, for the most part, made payments in excess of the sums required by the terms of the contract. He has fallen behind, but payments were accepted and receipts issued acknowledging a balance due. As of May, 1982, he was current, as evidenced by a receipt executed by his former mother-in-law showing a balance due of $100 less than required by the contract. Similar monthly payments had been accepted since February, 1982, and intermittently during 1980, and on one occasion in 1981. It is our view that the course of conduct adopted by these plaintiffs spell out a waiver of the terms of the contract relating to default. The record demonstrates knowledgeable acceptance of late payments over an extended period of time which establishes the necessary elements to constitute a waiver of the right to insist upon timely payments (see *Ford v Waxman,* 50 AD2d 585). For similar reasons, we also reject plaintiffs' argument that any payment received after the alleged default should be applied to the balance of

principal due, rather than monthly installments. Among those reasons is the close family relationship between the parties. Where plaintiffs are required to take sides in a marital dispute, their dealings with a former son-in-law bear a close scrutiny. Consideration must be given to the fact that the property in question is not only a residence, but the location of defendant's business, a garage and service station where substantial sums have been invested in improvements since taking possession. There is no particular advantage to plaintiffs' insisting that any alleged late payment be applied only to principal for there is no requirement for the payment of interest under the contract terms. In either event, sums received by them can be invested by them at current interest rates. Clearly, since in our view there is no default, excess payments are properly credited to future installments and not to principal. Moreover, absent any notice of intention to require prompt payment in the future after consistent receipt and acceptance of late and intermittent payments, a vendee is protected from any forfeiture of his rights under an installment contract (*Colon v Howell Fuel & Lbr. Co.,* 51 AD2d 616; 62 NY Jur, Vendor and Purchaser, § 40). Order and judgment reversed, on the law and the facts, with costs, motion denied, cross motion by defendant granted and complaint dismissed; appeal from order entered October 21, 1982, dismissed, as academic. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.