■ JAY J. MADER, Appellant, v PAULINE MADER, Now Known as PAULINE JOHNS, Respondent. — In an action, *inter alia,* for specific performance of a contract for the convenience of real property, plaintiff appeals (1) from so much of an order of the Supreme Court, Orange County (Coppola, J.), entered May 6, 1983, as denied his motion for summary judgment, and (2) from an order of the same court, dated June 8, 1983, which denied his motion, which was, in effect, for reargument. ¶ Appeal from the order dated June 8, 1983 dismissed.

Although plaintiff designated his motion as a motion for reargument or renewal, the motion alleged no new or additional facts which were not before Special Term on the prior motion. Therefore the motion was in fact a motion to reargue, and no appeal lies from an order denying such a motion (*Wright v General Motors Corp.,* 96 AD2d 510). ¶ Order entered May 6, 1983, reversed insofar as appealed from, on the law, and motion by plaintiff for summary judgment granted. ¶ Plaintiff is awarded one bill of costs. ¶ In 1977, the parties executed a contract for the conveyance of certain real property in Wallkill, New York, under which the vendee was given immediate possession of the premises. The purchase price was $12,500, to be paid in monthly installments of $150, commencing July 1, 1978. In addition, the vendee agreed to assume an existing mortgage on the property and to pay taxes, water rents and fire insurance. The installment payments were to continue until the entire purchase price was paid in full, at which time the vendor would deliver a deed conveying title to the premises. The contract provided that if the vendee defaulted in the payment of an installment for a period of 60 days, the vendor could elect to deem the entire balance of the purchase price due and payable, or the vendor could elect to deem the vendee as occupying the premises as a tenant and all moneys previously paid under the contract as rent, and the vendor would then be entitled to immediate possession of the premises and to recover such possession in summary proceedings. ¶ It is undisputed that the vendee made all required payments on the mortgage, as well as the payments for taxes, water and insurance. However, it is also undisputed that between July, 1978 and October, 1982, a period of over four years, the vendee made only one monthly installment payment of $150 to the vendor. Nevertheless, the vendor made no attempt during that time to avail herself of the remedies provided for in the contract. ¶ On or about October 22, 1982, the vendee offered to tender the entire outstanding balance of the purchase price in exchange for the deed to the property. However, the vendor took the position that the contract had been terminated by reason of the vendee's prior defaults. On or about November 15, 1982, the vendee tendered the full balance of the purchase price and asked that a closing be scheduled. In response, the vendor executed a document, dated December 2, 1982, entitled "FORMAL EXERCISE OF ELECTION", by which she elected to deem the vendee as occupying the premises as a tenant and all moneys previously paid by him under the contract as rent. ¶ The vendee then commenced the instant action seeking, *inter alia,* specific performance of the contract. Special Term denied his motion for summary judgment, concluding that there existed triable issues of fact with respect to the rights of the parties under the contract. We now reverse. ¶ The proof before Special Term on the motion for summary judgment was sufficient to eliminate any triable issues of fact (CPLR 3212). There is no dispute as to the existence or terms of the contract, nor is there any dispute as to the extent of the vendee's default thereunder; moreover, it is uncontroverted that the vendor failed to demand performance or to exercise her remedies under the contract until after the vendee had attempted to cure his default by tendering full performance. Under these facts, we conclude that the vendee was entitled to summary judgment. ¶ In the absence of a specific declaration in a real property contract that time is of the essence, the law permits the respective parties a reasonable time in which to tender performance, regardless of whether the contract specifies a particular date on which such performance is to be tendered (*Grace v Nappa,* 46 NY2d 560, 565). Thus, where a contract does not provide that time is of the essence, the failure of the vendee to close on the specified law day does not terminate the contract. The vendor must, prior to asserting a claim of default, serve a "clear, distinct and unequivocal notice" demanding performance and fixing a reasonable time in which to do so (*Ring 57 Corp. v Litt,* 28

AD2d 548, 549). Acquiescence in the delay will constitute a waiver of the default, thereby entitling the vendee to specific performance (*Ring 57 Corp. v Litt, supra*). This principle has been applied to installment contracts for the sale of real property such as the one in the case at bar. Where, as here, time is not specified to be of the essence, the vendor's failure to demand prompt payment in the future after acceptance of late or intermittent installment payments will be viewed as a waiver of the vendee's default (*Snide v Larrow,* 93 AD2d 959), and the vendee will be entitled to specific performance of the contract upon tender of the full purchase price (*Poteralski v Colombe,* 84 AD2d 887; *Colon v Howell Fuel & Lbr. Co.,* 51 AD2d 616). ¶ In the instant case, the vendor's waiver of the vendee's default is not based upon her acceptance of late or intermittent payments. Indeed, it is uncontroverted that while the vendee made the required mortgage, water, tax and fire insurance payments, he made only one of almost 60 required installment payments over a period exceeding four years. Thus, the waiver in this case arises from the vendor's total acquiescence in nonpayment for that period of time. The contract herein made provision for specified remedies to be exercised at the election of the vendor upon the vendee's default in making the required installment payments: she could elect to make the entire unpaid balance of the purchase price due and payable forthwith, or she could elect to treat the vendee as a tenant, to designate all moneys paid under the contract as rent, to regain immediate possession of the premises and to recover such possession in summary proceedings. For whatever reason, the vendor chose to do absolutely nothing for over four years; it was not until after the vendor had tendered the full unpaid balance of the purchase price that the vendor elected to treat the vendee as a tenant; in the interim, the vendee remained in possession of the property and, although he did not make the required installment payments to the vendor, he did continue to make payments of principal and interest on the existing mortgage and payments for property taxes, fire insurance and water rents. Under these circumstances, we construe the vendor's conduct as a waiver of the vendee's default. Because the vendee tendered the entire amount due under the contract prior to the vendor's election of remedies and prior to any demand for performance on her part, the vendor must be required to accept the tender and to convey title to the vendee. ¶ In view of our determination, we need not address the vendee's contentions regarding the validity of the remedies which the vendor might have elected to pursue under the contract. Gibbons, J. P., O'Connor, Boyers and Lawrence JJ., concur.