■ JOHN C. HALLORAN, Respondent, v PORTVILLE FOREST PRODUCTS, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order granting plaintiff summary judgment on the issue of liability only and dismissing defendant's counterclaim for specific performance. Plaintiff seeks damages for trespass upon his land by defendant, a logging company, and defendant claims it is the contract vendee of the land and entitled to specific performance of the contract.

The alleged contract is in the form of a purchase offer made by defendant purchaser to plaintiff seller. The offer is dated June 23, 1981, calls for acceptance by the seller by July 3, 1981, and sets September 15, 1981 as the date of closing, with time of the essence.

Plaintiff's contention that no contract was ever made because he did not make his acceptance until July 8, 1981 must be rejected. Even if the belated acceptance is viewed only as a counteroffer (1 Williston, Contracts §§ 91, 93 [3d ed]) subsequent correspondence between the parties' attorneys proves conclusively that there was acceptance of the counteroffer.

The record also demonstrates that plaintiff waived the time-of-the-essence provision of the contract. He did not send the tax and title search to defendant until September 17, 1981, at which time he inquired whether defendant would be ready to close by September 30, 1981. Thereafter plaintiff neither set a definite date for closing nor gave notice that failure to close by a specified date would terminate the contract (see, Ring 57 Corp. v Litt, 28 AD2d 548). It is undisputed, however, that by letter of November 20, 1982, plaintiff requested the exchange of releases; that thereafter defendant never communicated with plaintiff until December 20, 1983 when it wrote that it

was then ready to close. Defendant admits that it was financially unable to close from the time of the making of the contract until late 1983.

It is clear from the purchase offer that the parties contemplated a closing within approximately 2½ months of the acceptance of the offer. Here, no effort to close was made by defendant until almost 2½ years after the contract was made. In view of plaintiff's request for an exchange of releases and the admission by defendant of its inability to perform *(see, Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997), the delay was simply too inordinate to permit defendant to enforce the contract *(see, Lese v Lamprecht,* 196 NY 32, 38).

We conclude, therefore, that the contract had terminated prior to defendant's announced willingness to close, and that defendant had no right to enter upon plaintiff's land. (Appeal from order of Supreme Court, Steuben County, Siracuse, J.—summary judgment.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.