■ 76 NORTH ASSOCIATES, Respondent v THEIL MANAGE-MENT CORP., Appellant.—In an action for specific performance of a contract for the sale of land, defendant appeals from an order of the Supreme Court, Nassau County (Berman, J.), dated December 10, 1984, which denied its motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

An examination of the affidavits submitted in support and in opposition to defendant's motion indicates that triable issues of fact have been raised.

The parties entered into a contract for the sale of certain real estate in Hicksville, New York. The closing date was specified as on or about June 28, 1984. The contract did not state that time was of the essence. On June 25, 1984, plain-

tiff's attorney requested a three-month adjournment of closing. In a letter dated June 26, 1984, defendant's attorney denied that request, but granted an adjournment until July 30, 1984, providing that time was of the essence.

Plaintiff objected to the unilateral setting of a closing date with time of the essence. On July 27, 1984, plaintiff's attorney telephoned defendant's attorney in order to postpone the July 30 closing. Plaintiff's affidavit states that an oral agreement was reached as to a postponement. Defendant denies that any agreement was formed as a result of the conversation. A letter memorializing the alleged agreement was transmitted to but was never signed by defendant's attorney. Defendant tendered the deed on July 30, 1984; however, plaintiff was not present, and defendant declared it in default.

Plaintiff commenced this action for specific performance. Issue was joined, and defendant sought summary judgment dismissing the complaint. Special Term denied defendant's motion, holding that triable issues of fact were raised. We affirm.

In the absence of a contractual provision making time of the essence, one party may subsequently give notice to that effect *(Taylor v Goelet,* 208 NY 253; *Garry v Edmann Homes,* 12 Misc 2d 1032; 1A [Part 2] Warren's Weed, New York Real Property, Closing of Title, § 404 [2] [4th ed]). The notice must be clear, distinct and unequivocal and must fix a reasonable time within which to perform *(Ballen v Potter,* 251 NY 224; *Mader v Mader,* 101 AD2d 881; *Ring 57 Corp. v Litt,* 28 AD2d 548).

Defendant's contention that the 32-day adjournment was reasonable as a matter of law must fail.

The amount of time that constitutes a "reasonable time" must be determined by the facts and circumstances of each case *(see, Green Point Sav. Bank v Central Gardens Unit No. 1,* 279 App Div 1078, 1079; *Murray Co. v Lidgerwood Mfg. Co.,* 241 NY 455; 62 NY Jur, Vendor and Purchaser, § 37). Special Term correctly held that an issue of fact was raised with respect to what was reasonable under the circumstances of this case.

Moreover, plaintiff's affidavits have raised the issue of whether defendant orally agreed to waive July 30 as the purported closing date. It is well settled, in New York, that an oral waiver of the time for the sale of real property will be given effect *(Bacchetta v Conforti,* 108 Misc 2d 761; *Royce v Rymkevitch,* 29 AD2d 1029; 1A Warren's Weed, New York

Real Property, Contracts, § 28.03 [4th ed]). "[T]he Statute of Frauds is not applicable because of the doctrine of equitable estoppel" *(Bacchetta v Conforti, supra,* at p 762). Therefore, there must be a trial on the issue of whether defendant orally waived the time of performance. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.