■ DOLGIN ENTERPRISES, LTD., Appellant, v CENTRAL ADJUSTMENT BUREAU, INC., Respondent.—In an action to recover accelerated installments of rent due under a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated May 20, 1985, which denied its motion to vacate its default in serving a reply to the defendant's counterclaims and thereupon to compel the defendant to accept the verified reply attached to its moving papers and granted the defendant's cross motion for leave to enter a default judgment upon the plaintiff's failure to serve a reply to those counterclaims.

Order reversed, motion granted and cross motion denied. The plaintiff's verified reply attached to its moving papers is deemed timely served.

"The motion to compel acceptance of a late [reply] was, in effect, a motion seeking an extension of time in which to serve [a reply]" (Mobil Oil Corp. v Christian Oil & Gas Distribs., 95 AD2d 772, 773), as the plaintiff's motion preceded the defen-

dant's motion for leave to enter a default judgment. As such, it was not deficient as a matter of law for failure to serve an affidavit of merit where the delay was short, there was no prejudice to the defendant, and the motion was supported by a pleading verified by an officer of the plaintiff corporation with personal knowledge of the facts *(see, A & J Concrete Corp. v Arker,* 54 NY2d 870; *Junior v City of New York,* 85 AD2d 683).

As the Court of Appeals stated in the *A & J Concrete Corp. v Arker* case *(supra,* at p 872): "[T]he courts enjoy a somewhat broader range of discretion when considering a motion for an extension of time under CPLR 2004 which precedes any motion to dismiss than when considering a motion to dismiss pursuant to CPLR 3012 (subd [b]), whether or not countered by a motion for extension of time". The Court of Appeals explicitly held that once the time to serve a pleading has expired, as here, the movant "must provide the court with an affidavit of merit or a verified [pleading] in lieu thereof" *(A & J Concrete Corp. v Arker, supra,* at p 872). Accordingly, the plaintiff's motion was not deficient as a matter of law *(cf. Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904), and Special Term erroneously failed to exercise its discretion. Because a default judgment on the defendant's first counterclaim for reformation of the agreement would also adversely affect the plaintiff's timely served complaint, and because the plaintiff met the requirements for an extension of time to reply, we exercise our discretion and grant the plaintiff's motion to vacate its default and to compel acceptance of the reply and deny the defendant's cross motion for leave to enter a default judgment on the counterclaims. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.