■ THOMAS J. STANSKY et al., Appellants-Respondents, v SAUNDRA MALLON, Respondent-Appellant.—In an action to compel specific performance of a contract for the sale of real property, (1) the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Ain, J.), entered July 25, 1986, which, *inter alia,* denied their motion to direct the defendant to close title at a time, date and place *to be* fixed by the court, and granted the defendant's cross motion to cancel the contract of sale and the notice of pendency filed against the property, and (2) the defendant cross-appeals from so much of the same order and judgment as

directed that she return to the plaintiffs' attorney the sum of $9,600, representing the plaintiffs' down payment on the property.

Ordered that the order and judgment is reversed, on the law and as an exercise of discretion, with costs to the plaintiffs, the plaintiffs' motion is granted and the defendant's cross motion is denied, the parties are directed to close the title on the subject property, the defendant may retain the sum of $9,600 representing the amount of the plaintiffs' down payment on the property, and the matter is remitted to the Supreme Court, Nassau County, to determine the time, date, and place of the closing.

In July 1984 the parties entered into a contract for the sale of certain real property. The contract did not include a provision that time was to be of the essence. On August 30, 1984, the defendant seller notified the plaintiffs that she was canceling the contract based on the plaintiffs' failure to obtain a mortgage commitment, pursuant to the agreement, within 45 days after the date of contract.

The plaintiffs commenced the instant action for specific performance on October 24, 1984, and filed a notice of pendency against the subject property. The court (Ain, J.), by judgment dated December 16, 1985, granted the plaintiffs' request for specific performance and directed that the agreement be performed within 60 days after service of a copy of the judgment upon the defendant's attorney. The judgment was served upon the defendant on December 26, 1985.

The parties subsequently set a closing date of February 24, 1986, the sixtieth day after service of the judgment upon the defendant's attorney. The closing was scheduled for 3:00 P.M. at the law offices of Kadilac Funding, the plaintiffs' lending institution. Both parties appeared at the scheduled closing with their attorneys. The plaintiffs proffered a check in the amount of $14,058.94 for the balance due to the defendant under the contract. The defendant, however, refused the check on the ground that it was drawn on the account of Kadilac Funding and was not a certified check or bank check as required under the agreement. The defendant also rejected the plaintiffs' offer that she hold all papers in escrow pending receipt of a certified check in the amount due which would be delivered the following morning, or, in the alternative, that the plaintiffs' attorney guarantee either the proffered check or another check drawn on the account of the law firm.

The plaintiffs' attorney hand-delivered a letter to the defen-

dant's attorney the following day at 5:30 P.M. requesting that the defendant attend a closing at the office of Kadilac Funding at 11:00 A.M. on February 27, 1986. The defendant's attorney informed the plaintiffs' attorney by telephone on February 26, 1986 that he and his client would not attend this closing and that the defendant was taking the position that the plaintiffs were in default.

By notice of motion dated March 14, 1986, the plaintiffs moved, *inter alia,* to direct the defendant to close title at a time, date, and place to be fixed by the court. The defendant subsequently cross-moved to cancel the contract of sale and notice of pendency on the ground that the plaintiffs failed to close title on the property within the required 60 days after service of the judgment. The court denied the plaintiffs' motion and granted the defendant's cross motion in its entirety. The court also directed that the escrow agents return to the plaintiffs' attorney the sum of $9,600, representing the down payment. This appeal and cross appeal followed.

We find that the court erred in denying the plaintiffs a reasonable adjournment within which to close title. Absent a specific declaration in a real property contract that time is of the essence, or an effective unilateral notice to that effect, the law permits the parties a reasonable time within which to tender performance, regardless of whether they specify a particular date upon or time within which such performance is to be completed *(see, Grace v Nappa,* 46 NY2d 560, 565, *rearg denied* 47 NY2d 952; *76 N. Assocs. v Thiel Mgt. Corp.,* 114 AD2d 948, 949; *Mader v Mader,* 101 AD2d 881, 882). Here, the inclusion of the subject 60-day period in the judgment of specific performance, in and of itself, does not compel us to deviate from the general rule granting the plaintiffs a reasonable time to close title, particularly in view of the equitable nature of the specific performance remedy.

We also note in this regard that the plaintiffs could have moved for an extension of the subject time either prior to or after its expiration *(see,* CPLR 2004). Thus, the plaintiffs' motion in the Supreme Court, Nassau County, to direct a new closing time was, in effect, a motion for an extension of time pursuant to CPLR 2004 *(cf., Dolgin Enters. v Central Adj. Bur.,* 118 AD2d 680). Here, the defendant rejected several alternatives proffered by the plaintiffs to cure their technical *default* and complete the closing without prejudice to the defendant. Since none of these alternatives would have resulted in a delay of more than three days, and time was never of the essence, the delay was de minimis. Clearly, the court in

equity had the authority to grant an extension of the time for closing, as courts have the inherent power to modify their own judgments and orders when it serves the interest of justice (see, People v Scanlon, 11 NY2d 459; Mingione·v Childcraft Equip. Co., 35 AD2d 918). Under these circumstances, it was an improvident exercise of discretion to deny the plaintiff's motion. Accordingly, we exercise our discretion, in the interest of justice (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Dolgin Enters. v Central Adj. Bur., supra), by granting the plaintiffs' motion for an extension of time, and denying the defendant's cross motion. Finally, we direct the defendant to retain the down payment in anticipation of the closing of title. Rubin, Kooper and Harwood, JJ., concur.

Mangano, J. P., dissents and votes to affirm the order and judgment, insofar as appealed and cross-appealed from, with the following memorandum: In my view, the court did not err in denying the plaintiffs' motion. At the conclusion of earlier litigation between these parties, the court, in a memorandum decision dated September 20, 1985, granted the plaintiffs purchasers specific performance of the subject contract for the sale of realty, and directed the plaintiffs to "[s]ubmit judgment". Thereafter, the plaintiffs submitted a judgment to the court for its signature. This judgment specifically provided that: "the agreement set forth in the complaint be specifically performed within sixty (60) days from the date of service of a copy of this judgment with notice of entry thereof upon the attorney for the defendant". This judgment was signed by the court on December 16, 1985, and thereupon became binding on the plaintiffs. The closing took place on February 24, 1986, which was the sixtieth day after service of the judgment upon the defendant. It was incumbent upon the plaintiffs, when they came to the closing, to provide the defendant with a certified check or bank check as required under the contract. When they failed to do so, the defendant was not obligated to extend the 60-day period which the plaintiffs themselves had provided for in the judgment of the court.

CPLR 2004, which is relied on by the majority, is totally inapplicable to the situation at bar, where a judgment was signed which finally determined the rights of the parties (see, Knapek v MV Southwest Cape, 110 AD2d 928; Matter of Powers v Foley, 25 AD2d 525; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2004:2, at 513). Moreover, the plaintiffs have failed to otherwise assert any valid ground under CPLR 5015 which would serve to

relieve them from the 60-day time period provided for in the judgment.

Accordingly, the order and judgment should be affirmed insofar as appealed and cross-appealed from.