■ PAOLO GIUSTI, Appellant, v MORRIS ZACKHEIM, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 13, 1991, which, insofar as appealed from, denied plaintiff's motion for summary judgment, is affirmed, without costs or disbursements.

In this action to recover money pursuant to a written agreement providing for the return of the money if a formal limited partnership agreement were not executed and filed within 90 days, issues of fact exist as to whether plaintiff had waived the time requirement by reexecuting the partnership certificate after the time for filing had passed and thereafter accepting benefits from the partnership for more than one year (see, Heller & Co. v American Flyers Airline Corp., 459 F2d 896).

The dissent notes that a limited partner places only his specific invested capital at peril and the failure of defendant to comply with the formalities called for by the contract placed plaintiff at risk as a general partner. However, the same issue of fact still remains, i.e. whether plaintiff's acquiescence over an extended period of time constituted ratification of his status and a voluntary assumption by him of the increased risks. Concur—Carro, J. P., Asch and Smith, JJ.

Kupferman, J., dissents in a memorandum as follows: I would reverse and grant plaintiff's motion for summary judgment.

By letter agreement dated December 28, 1988, the plaintiff gave the defendant $60,000 to invest in a real estate limited partnership in which defendant was the general partner. The agreement provided that the funds would not constitute a capital contribution and could not be used until the formal limited partnership agreement and an amendment to the Certificate of Partnership were executed and filed. Further, if the formalities were not accomplished within 90 days from the date of the letter, the funds were to be returned to the plaintiff.

When the plaintiff learned that the formalities had not been complied with within the 90 day period, defendant's attorney, by letter, stated that this was due to a clerical error which was being rectified. The plaintiff then executed a new certificate for filing on April 10, 1989. Again, the documents were not timely filed. By letter dated July 12, 1990, plaintiff demanded return of his $60,000. The defendant did not return

the money and subsequently filed the documents on September 5, 1990.

In January 1991, plaintiff commenced this action to recover the monies and moved for summary judgment. The defendant cross-moved for summary judgment claiming that the plaintiff had waived his right to strict compliance by executing the new agreement after the failed initial 90 day period and further, acting as a limited partner by filing IRS K-1 forms for 1988 and 1989. The defendant contended that the plaintiff demanded return of the monies only after financial problems arose due to a change in the real estate market.

The court denied both motions finding issues of fact in the foregoing.

The law governing limited partnerships requires compliance with certain formalities, including filing of the certificate of partnership followed by its publication (Partnership Law § 91 [1] [b]; for current law, see, Partnership Law § 121-201 et seq. eff July 1, 1991). Its purpose was to encourage investment "by affording to a limited partner a position analogous to that of a corporate shareholder" (Ruzicka v Rager, 305 NY 191, 197-198, rearg denied 305 NY 798). The idea is to exempt the limited partner from general liability and place only the specific invested capital at peril (Lanier v Bowdoin, 282 NY 32, 38, rearg denied 282 NY 611; see, Dickerson, Partnership Law Adviser, at 93 [Practicing Law Institute 1991]).

The requirements which allow limited personal liability are not easily eluded (see, Gonzalez v Chalpin, 77 NY2d 74, 77, rearg denied 77 NY2d 940).

We have recently analyzed the liability of a general partner and the fact that in such a relationship individual assets are at risk (see, United States Trust Co. v Bamco 18, 183 AD2d 549).

Thus, it can be seen that protection against liability beyond the capital contribution is of the essence of a limited partnership. To allow the general partner to play fast and loose with a contractual provision for compliance with formalities is to undermine such protection and place the putative limited partner at risk.

The fact that the plaintiff was lenient cannot absolve the defendant from this breach and summary judgment should have been granted to the plaintiff.