Norma Lang et al., Respondents, v Norton Blumenthal et al., Appellants. [609 NYS2d 336] —In an action for, *inter alia,* the return of a down payment given pursuant to a contract for the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Kings County (Huttner, J.), dated May 15, 1992, which granted the plaintiffs' motion for partial summary judgment against the defendants Norton and Diana Blumenthal for judgment in the sum of $55,250, plus interest, costs, and disbursements, and (2) a judgment of the same court, entered May 29, 1992, upon the order, which is in favor of the plaintiffs and against the defendants Norton and Diana Blumenthal in the principal sum of $55,250, plus interest, costs, and disbursements.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal of the defendant Robert Blumenson from the judgment is dismissed, without costs or disbursements, as he is not aggrieved thereby *(see,* CPLR 5511); and it is further,

Ordered that on the appeal of the defendants Norton and Diana Blumenthal the judgment is modified, on the law, by

deleting therefrom (1) the provision awarding interest on the principal sum of the judgment at the legal rate of interest from December 22, 1989, to the date of judgment, and (2) the total sum of the judgment in the sum of $67,797.48; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs, who had contracted to purchase the home of the defendants Norton and Diana Blumenthal, sued the Blumenthals and their attorney Robert Blumenson for the return of their down payment after they were denied a mortgage. The defendants argue that the plaintiffs breached the contract of sale by failing to conform to certain time limits contained in a rider to the contract.

The plaintiffs admittedly failed to strictly conform to certain contractual time limits within which they were to apply for a mortgage. However, where as here, a contract for the sale of real property does not expressly state that time is of the essence (or one party does not give clear and unequivocal notice to the opposing party that time will subsequently be considered of the essence), the parties are given a reasonable time to tender performance, regardless of whether the contract specifies a particular date on which such performance is to be tendered (see, Grace v Nappa, 46 NY2d 560; Mader v Mader, 101 AD2d 881; Levine v Sarbello, 112 AD2d 197, affd 67 NY2d 780; Stansky v Mallon, 133 AD2d 392; 4200 Ave. K Realty Corp. v 4200 Realty Co., 123 AD2d 419; 76 N. Assocs. v Theil Mgt. Corp., 114 AD2d 948; D'Ambrogio v Morgenstern, 135 Misc 2d 643; 6 Warren's Weed, New York Real Property, Vendee and Vendor, § 2.03 [4th ed]; 91 NY Jur 2d, Real Property Sales and Exchanges, §§ 62-63). Under the facts at bar, the plaintiffs tendered performance within a reasonable time. Thus, the down payment was properly ordered returned (see, Zev v Merman, 73 NY2d 781; 76 N. Assocs. v Theil Mgt. Corp., 114 AD2d 948, supra; 91 NY Jur 2d, Real Property Sales and Exchanges, § 61).

We find, however, that the Supreme Court improperly computed the interest to be paid on the down payment. The

judgment awards interest on the down payment at the statutory rate of 9% from the date the contract was signed (see, CPLR 5004). However, statutory interest only accrues from "the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]). Here, pursuant to the terms of the contract and rider, the plaintiffs' right to the return of the down payment did not exist until five days after their March 14, 1990 written demand for it—March 19, 1990. Thus, from the date the money was placed into escrow until March 19, 1990, the rate of interest is controlled by the terms of the contract. Here, paragraphs 11 and 12 of the rider to the contract call for the payment of interest at the rate payable on the escrow account.

Furthermore, we conclude that the escrow account interest rate should be used to compute interest on the funds held in escrow from March 19, 1990, through December 19, 1991, the date the Supreme Court issued its decision ordering the defendants Norton and Diana Blumenthal to return the plaintiffs' down payment (see, CPLR 5002). Although interest at the statutory rate of 9% from March 19, 1990, forward would not contravene the CPLR, the amount of interest awarded on a pre-decision sum may be set by agreement between the parties (see, Marine Mgt. v Seco Mgt., 176 AD2d 252, affd 80 NY2d 886; Magnolia Dev. Corp. v Lockwood, 160 AD2d 774). We interpret paragraphs 11 and 12 of the rider to the contract as setting the escrow account interest rate as the rate at which pre-decision interest was to be paid. Thus, interest is to be computed as follows: (1) from the date the down payment was placed in escrow until December 19, 1991, at the interest rate payable on the escrow account, and (2) at the statutory rate of 9% from December 19, 1991, thereafter. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.