■ BURGESS STEEL PRODUCTS CORP., Appellant, v MODERN TELECOMMUNICATIONS, INC., Respondent, et al., Defendants. [613 NYS2d 158] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about March 19, 1993, which granted the defendant-respondent's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is denied and the complaint is reinstated, without costs.

Pursuant to its contract with Modern Telecommunications, Inc. ("Modern"), the plaintiff was to furnish and install certain structural steel at premises owned by WMDC Associates, Inc. at a cost of $44,350. When the defendants refused to pay, the

plaintiff instituted this action to foreclose on a mechanic's lien and for breach of contract.

Modern moved for summary judgment dismissing the complaint on the ground that the plaintiff, rather than Modern, breached the contract by failing to complete the work by the time required under the contract and by refusing to perform the work for the agreed upon price. Although the contract specified that all work was to be completed by the first week of December, 1989, by letter dated November 7, 1989, an employee of the plaintiff informed Modern that the schedule for the project was delayed "due to existing field conditions". The letter further stated that it was awaiting a new sketch from the defendant's engineer and added "[p]lease issue this information to us, so we may continue with this project". By letter dated November 17, 1989, another employee of the plaintiff, Mike Stallone, notified Philip Mancino of Modern that the cost of the project would be an additional $8,141, due to change orders by the defendant's engineer.

Modern maintained that because of this repudiation, its president, William Dalessandro, sent Stallone a handwritten letter dated November 21, 1989, which it claimed cancelled the contract. When Stallone thereafter telephoned Dalessandro on November 24, 1989, he confirmed that he was cancelling the contract due to the plaintiff's inability to complete the work on time. Stallone, in opposition, denied ever receiving the November 21st letter or speaking to Dalessandro on the telephone. Although the project was put on hold, Stallone alleged that Philip Mancino of Modern instructed him to proceed with the fabrication portion of the work. Therefore, Stallone contended that any time limitations contained in the contract were waived by Modern. To further support his contention, Stallone submitted a letter dated January 11, 1990, after Modern's purported cancellation of the contract, in which the comptroller of the plaintiff requested the tax exempt certificate and capital improvement certificate for the project from Mancino. The forms were completed and returned to the plaintiff.

The Supreme Court, recognizing the existence of a question of fact with regard to whether or not the plaintiff received actual notice of Modern's purported cancellation of the contract in light of Stallone's denials, nonetheless granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to raise a material issue of fact as to the defendant's waiver of the December deadline for the completion of the work.

We reverse since questions of fact exist precluding an award of summary judgment. Although the Supreme Court concluded that the plaintiff breached the contract by failing to complete the project by the first week of December and that the contract made "time of the essence", an issue of fact exists as to whether time actually was of the essence in this construction contract, where delays often occur. Time is generally of the essence where a definite time of performance is specified in a contract, unless the circumstances indicate a contrary intent *(see, Sparks v Stich,* 135 AD2d 989, 991). However, "[t]he mere designation of a date upon which a thing is to be performed does not alone bring about any such result *(Ballen* v. *Potter,* 251 N. Y. 224)" *(Ring 57 Corp. v Litt,* 28 AD2d 548, 548-549).

The defendants did not immediately object when the delay was first brought to their attention. Moreover, Stallone alleged that he was told to continue working despite the delay. The contract failed to provide a reason for the need for timely completion or an indication that late performance would cause irreparable injury. In sum, a trial is necessary to determine whether the deadline contained in the contract was so inflexible that the plaintiff's late performance constituted a breach of a material element of the contract.

Assuming, arguendo, time was of the essence, further issues exist with regard to whether or not the defendants acquiesced in the delay and continued to give the plaintiff an opportunity to perform, thereby waiving the plaintiff's default *(see, Ballen v Potter, supra; Giusti v Zackheim,* 184 AD2d 358; *Ring 57 Corp. v Litt, supra).* Stallone maintained that Mancino directed him to complete the project despite the increase in cost and delay and that Modern thereafter provided the necessary documentation for the project, negating its contention that the contract was cancelled. Modern, while disputing this contention, failed to submit an affidavit from Mancino.

Although the Supreme Court resolved these issues in the defendants' favor, issue finding, rather than issue determination is the court's function on a motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Modern's argument that its actions failed to demonstrate an unequivocal intention to abandon a known right *(Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 446), but rather, proved its intention to enforce the provisions of the contract, merely raises another issue requiring a trial of this matter. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.