■ GUSTAVE SCHOENBORN, JR., Respondent, v RICHARD KAUFFMAN et al., Appellants. [632 NYS2d 705] —Crew III, J. Appeal from an order of the County Court of Greene County (Battisti, Jr., J.), entered November 3, 1994, which, *inter alia*, granted plaintiff's cross motion for permission to file a late reply to defendants' counterclaims.

On June 12, 1992, the parties entered into a contract whereby defendants agreed to purchase two lots in a subdivision owned by plaintiff and located in the Town of Coxsackie, Greene County. At that time, the subdivision road leading to the lots in question had yet to be completed and, accordingly, the parties entered into a "Road Completion Agreement". Insofar as is relevant to this appeal, this agreement established an escrow account in the amount of $15,000 and set forth a schedule for plaintiff's completion of the road. Specifically, the agreement provided that the road would be completed within 30 days of the closing, weather permitting, and that the moneys held in escrow would be released in three equal installments following the three phases of construction set forth in the agreement.

The closing took place on July 17, 1992, but plaintiff failed to complete the road within 30 days of that date.* According to plaintiff, delays occurred due to, *inter alia*, adverse weather conditions and he duly informed the escrow agent of such problems. Although a portion of the initial $5,000 was released to plaintiff, by letter dated September 15, 1992, the escrow agent informed plaintiff that he would not release the balance of the first payment "until an acceptable progress schedule [was] established". Plaintiff responded by asserting that defendants were in breach of contract and contending that he would not continue construction on the road. Defendants, in turn, authorized the release of the balance of the first $5,000 installment but advised plaintiff that they considered the new completion date to be October 9, 1992, with no weather contingency.

Problems continued with respect to the second phase of the

---

* The record indicates that the first phase of construction was completed on or about October 1, 1992, with the second phase completed on or about November 13, 1992. Additionally, we were advised at oral argument that the road has now been completed in its entirety.

construction and, on January 14, 1994, plaintiff filed a mechanic's lien against defendants' property in the amount of $10,000. Plaintiff thereafter commenced this action for, *inter alia*, breach of contract. Defendants answered and interposed two counterclaims for breach of contract and willful exaggeration of the mechanic's lien, to which plaintiff failed to timely reply. Defendants subsequently moved for a default judgment on their counterclaims or, in the alternative, summary judgment, and plaintiff cross-moved for permission to file a late reply to the counterclaims. County Court, *inter alia*, granted the cross motion and denied defendants' motion for summary judgment with respect to the counterclaim for willful exaggeration. As to defendants' motion for summary judgment on the breach of contract counterclaim, County Court effectively denied this motion by establishing a new schedule for completion of the road and disbursement of the funds in escrow. This appeal by defendants followed.

Initially, although we have been advised that the road has been completed, the funds in escrow disbursed and the mechanic's lien discharged, this appeal, which relates solely to defendants' counterclaims, has not been rendered moot. Turning to the merits, defendants first contend that County Court erred in denying their motion for summary judgment with respect to the counterclaim for breach of contract. Although County Court clearly erred in rewriting the terms of the parties' contract by establishing a new road completion schedule and imposing additional terms and conditions that were not part of the parties' original agreement (*see, Matter of 17th Glenville Corp. v Board of Assessors*, 214 AD2d 792), we cannot conclude that defendants are entitled to summary judgment on this counterclaim.

The parties' agreement provided that the road be completed within 30 days of closing, weather permitting. As defendants correctly note, plaintiff's testimony at his examination before trial regarding the number of days lost due to adverse weather was vague and conclusory. Indeed, any assertion that the delay was due solely to adverse weather is belied, to some extent, by plaintiff's admission that mechanical breakdowns and difficulties in obtaining certain materials contributed to the delay in construction. We also note, however, that the meteorological evidence submitted by defendants established that measurable rainfall occurred in the Town of Coxsackie on at least nine of the 30 days at issue (July 17, 1992 through August 16, 1992). Such evidence, coupled with plaintiff's testimony regarding the soil conditions at the site, precludes us from determining, as a

matter of law, that there was a sufficient number of "good weather" days remaining to permit plaintiff to complete the road in accordance with the parties' agreement and that his failure to do so constituted a breach of contract. Moreover, even assuming that plaintiff indeed breached the agreement in this regard, we are of the view that a question of fact would remain regarding whether defendants waived such breach by establishing a new completion date and continuing to give plaintiff an opportunity to perform (see, *Burgess Steel Prods. Corp. v Modern Telecommunications*, 205 AD2d 344, 346).

Nor may we conclude that defendants are entitled to summary judgment on their counterclaim for willful exaggeration. As for defendants' assertion that the mechanic's lien is defective on its face due to incorrect information regarding plaintiff's employer, we note that substantial compliance with the provisions of Lien Law § 9 is all that is required (see *generally, United Bhd. v Nyack Waterfront Assocs.*, 182 AD2d 16, 21) and that standard has, in our view, been met here. Defendants' contention that the lien is void because the property improved was not owned by defendants also is unavailing (see, *W.L. Dev. Corp. v Trifort Realty*, 44 NY2d 489, 496-497). Finally, we do not believe that the record before us contains sufficient proof to find that plaintiff's exaggeration of the mechanic's lien indeed was willful. Defendants' remaining contentions, including their assertion that County Court abused its discretion in permitting plaintiff to file a late reply to defendants' counterclaims, have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting so much thereof as established a schedule for the completion of the road and disbursement of the funds then remaining in escrow, and, as so modified, affirmed.