In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Baba-Ali v State of New York, 19 NY3d 627, 640 [2012]; Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Kozar v Christie’s, Inc., 109 AD3d 967 [2013]).
The evidence adduced at trial in this case demonstrated that the defendant contracted for the purchase and delivery of certain electrical equipment from the plaintiff, that the defendant accepted the delayed delivery of the equipment, and that the defendant installed and used the equipment without objection and without paying the balance of the purchase price due and owing under the contract. Contrary to the defendant’s contention, the evidence did not establish either that the delay in delivering the equipment was unreasonable under the circumstances, or that any portion of the delay was attributable to the plaintiff. In any event, the defendant’s acceptance of the delayed delivery without further objection, and without the assertion of any claim for a setoff or for damages due to the delay, supports the conclusion that it acquiesced in the delay and so cannot now avoid its contractual payment obligation (see Ring 57 Corp. v Litt., 28 AD2d 548, 548-549 [1967]; see generally *667 Burgess Steel Prods. Corp. v Modern Telecom., 205 AD2d 344, 346 [1994]). Accordingly, we decline to disturb the Supreme Court’s determination awarding judgment in favor of the plaintiff. Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.