LG723, LLC v Royal Dev., Inc. (2023 NY Slip Op 02653)

LG723, LLC v Royal Dev., Inc.

2023 NY Slip Op 02653

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04412
 (Index No. 512539/19)

[*1]LG723, LLC, appellant,
v
Royal Development, Inc., respondent.

Marc Wohlgemuth & Associates, P.C., Monsey, NY (Jeremy M. Doberman and Isaac Diskind of counsel), for appellant.
Thomas Torto, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 6, 2020. The order granted those branches of the defendant's motion which were for summary judgment with respect to the first cause of action and dismissing the second cause of action, and to cancel the notice of pendency.
ORDERED that the order is reversed, on the law, with costs, and those branches of the defendant's motion which were for summary judgment with respect to the first cause of action and dismissing the second cause of action and to cancel the notice of pendency are denied.
The plaintiff and the defendant entered into a contract of sale dated July 11, 2018, pursuant to which the defendant agreed to sell, and the plaintiff agreed to purchase, certain real property located in Brooklyn (hereinafter the subject premises). The contract set a closing date, but did not provide that time was of the essence, and the plaintiff did not appear for the closing on the scheduled date. In a letter to the plaintiff's attorney dated April 11, 2019 (hereinafter the April 2019 letter), the defendant's attorney stated that he was scheduling the closing of title for May 15, 2019, with "time being of the essence." According to the plaintiff, after receiving the April 2019 letter, its managing member, Henry Weiss, had a telephone conversation with the defendant's president who assured Weiss that the plaintiff would not be held in default if it failed to appear for the closing on May 15, 2019. Thereafter, in a letter to the plaintiff's attorney dated May 15, 2019, the defendant's attorney stated that the closing had taken place as scheduled, the plaintiff had defaulted, the plaintiff's deposit was being retained as liquidated damages, and the contract was deemed terminated.
The plaintiff subsequently commenced this action against the defendant for declaratory relief, for specific performance of the subject contract, to recover damages for breach of contract, and to foreclose a vendee's lien retained by the plaintiff against the subject premises. The plaintiff simultaneously filed a notice of pendency against the subject premises.
After the defendant interposed an answer, but before any discovery had been conducted, the defendant moved, inter alia, for summary judgment with respect to the first cause of [*2]action, which sought a judgment declaring, among other things, that the defendant breached the contract, and dismissing the second cause of action, which sought specific performance of the contract, and to cancel the notice of pendency filed by the plaintiff. The plaintiff's submissions in opposition to the motion included an affirmation from Weiss, which, inter alia, adopted the allegation in the complaint that the defendant's president had assured Weiss during a telephone call that the plaintiff would not be held in default if it failed to appear for the May 15, 2019 closing.
In an order dated May 6, 2020, the Supreme Court granted those branches of the defendant's motion which were for summary judgment with respect to the first cause of action and dismissing the second cause of action, and to cancel the notice of pendency. The plaintiff appeals.
Where parties enter into a contract for the sale of real property, and time is not made of the essence in the original contract, "one party may subsequently give notice to that effect, and avail [itself] of forfeiture on default. The notice must be clear, distinct and unequivocal and must fix a reasonable time within which to perform. It must inform the other party that if [it] does not perform by that date, [it] will be considered in default" (Mohen v Mooney, 162 AD2d 664, 665 [citations and internal quotation marks omitted]; see Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781; 76 N. Assoc. v Theil Mgt. Corp., 114 AD2d 948, 949). Here, the April 2019 letter satisfied these requirements by unequivocally setting May 15, 2019, as the closing date, expressly stating that time was of the essence, and advising the plaintiff that if it failed to appear for the closing on that date, it would be deemed in default of the contract of sale and the down payment would be retained by the defendant.
Nonetheless, "[i]t is well settled, in New York, that an oral waiver of the time for the sale of real property will be given effect" (76 N. Assoc. v Theil Mgt. Corp., 114 AD2d at 949; see Stefanelli v Vitale, 223 AD2d 361, 362; Royce v Rymkevitch, 29 AD2d 1029, 1030; Bacchetta v Conforti, 108 Misc 2d 761, 762 [Sup Ct, NY County]). Weiss's assertion, made under the penalties of perjury, that he was assured by the defendant's president that the plaintiff would not be held in default in the event that it failed to close the transaction on May 15, 2019, was sufficient to raise a triable issue of fact as to whether the defendant's president made a statement to Weiss that operated as a waiver of the defendant's right to enforce the May 15, 2019 deadline for the closing. Contrary to the defendant's contention, in order for such a waiver to occur, it was not necessary that the April 2019 letter be withdrawn in a formal communication from the defendant's attorney. A waiver of the right to timely performance under a contract "need not be in writing in order to be valid and enforceable" (Kistela v Ahlers, 22 AD3d 641, 643). Such a waiver may occur even without an oral statement, such as the one that was allegedly made in this case, and may instead be inferred solely from a party's conduct (see Chaves v Kornfeld, 83 AD3d 522, 523).
Since a triable issue of fact exists as to whether the defendant waived the deadline for closing the transaction, and thus whether the defendant had a right to declare the plaintiff in default and to terminate the contract, the Supreme Court should not have granted those branches of the defendant's motion which were for summary judgment with respect to the first cause of action and dismissing the second cause of action, and to cancel the notice of pendency.
In light of our determination, we need not reach the plaintiff's remaining contentions. The defendant's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court