Moses v Bensason (2025 NY Slip Op 04471)

Moses v Bensason

2025 NY Slip Op 04471

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-08578
 (Index No. 511062/21)

[*1]Martine Moses, appellant, 
v
Nahum Bensason, respondent, et al., defendant.

Yvette Dudley Law Group, P.C., Springfield Gardens, NY (Yvette V. Dudley of counsel), for appellant.

DECISION & ORDER
In an action to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated March 22, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's cross-motion which was for summary judgment on the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross-motion which was for summary judgment on the complaint is granted.
On October 26, 2020, the plaintiff contracted with the defendant Nahum Bensason to purchase real property located in Brooklyn for approximately $1,200,000 and tendered a down payment to be held in escrow by Bensason's attorney, the defendant Siamak Darouvar. The contract of sale contained a mortgage contingency clause, conditioning the plaintiff's performance upon issuance, within 30 days of the contract date, of a commitment from a lender for a loan in the amount of $1,158,000. A second rider to the contract added to the mortgage contingency clause so as to permit the plaintiff to apply for a construction loan.
On December 29, 2020, the plaintiff received a conditional loan approval in the amount of $900,000 toward purchase and $495,000 toward construction. After the property was appraised, the lender reduced the loan amount approved toward purchase to $720,000. The plaintiff then applied to three other lenders, including a particular lender suggested by Bensason. Two lenders denied the plaintiff approval for a loan, and the third approved a loan toward purchase in the amount of $700,000. The plaintiff then requested a reduction in the purchase price, which Bensason refused, and the parties attempted to negotiate an agreement in which Bensason would provide a purchase money mortgage. Ultimately, however, Bensason sent the plaintiff a time of the essence closing letter, which the plaintiff rejected, and Bensason deemed the plaintiff to be in default of the contract.
The plaintiff then commenced this action for return of her down payment. After joinder of issue and in response to a motion by Bensason, the plaintiff cross-moved, inter alia, for summary judgment on the complaint. By order dated March 22, 2023, the Supreme Court, among other things, denied that branch of the cross-motion. The plaintiff appeals.
"Where a contract for the sale of real property contains a mortgage contingency clause, [a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own" (Berger v Mazzarone, 231 AD3d 920, 922 [internal quotation marks omitted]; see Jian Chen v McKenna, 181 AD3d 577, 578). Furthermore, "[a] waiver of the right to timely performance under a contract need not be in writing in order to be valid and enforceable" (LG723, LLC v Royal Dev., Inc., 216 AD3d 931, 933 [internal quotation marks omitted]). "Such a waiver may . . . be inferred solely from a party's conduct" (id. at 933-934).
Here, the plaintiff demonstrated, prima facie, that she exerted a genuine effort and acted in good faith to secure the mortgage financing specified in the contract but was unable to obtain the necessary funding (see Hoft v Frenkel, 52 AD3d 779, 780; see also Rivkin v 1946 Holding Corp., 219 AD3d 893, 895; Chahalis v Roberta Ebert Irrevocable Trust, 163 AD3d 623, 625). Additionally, the plaintiff's evidence showed that Bensason, through his conduct, waived the 30-day deadline for obtaining a mortgage commitment that was set forth in the mortgage contingency clause (see LG723, LLC v Royal Dev., Inc., 216 AD3d at 933-934). In opposition, Bensason failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was for summary judgment on the complaint.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court