■ Isse Realty Corp., Appellant-Respondent, v. Trona Realty Corporation et al., Respondents-Appellants.— In an action by the assignee of the vendee in a contract for the sale of certain real property for cancellation of the contract and to establish and foreclose a lien on the property for the $10,000 paid on account of the purchase price and for $549 which was expended for title examination, the parties cross-appeal as follows from respective portions of an order of the Supreme Court, Kings County, entered March 23, 1964 on reargument, which adhered to the court's original decision: (1) Defendants appeal from so much of the order as denied their motions (a) to dismiss the complaint under CPLR 3211 (subd. [a], pars. 1, 7, 10) and CPLR 1001, 1003 on the grounds of a defense founded upon documentary evidence, that the complaint fails to state a cause of action, and nonjoinder of a party; and (b) for summary judgment, contained in their papers on the motion for reargument. (2) Plaintiff appeals from so much of the order as denied its application for summary judgment under CPLR 3211 (subd. [c]), contained in its opposition papers on both motions. Order modified (a) by striking out its fourth ordering paragraph, which denied plaintiff's motion for summary judgment, and (b) by substituting therefor a provision granting' said motion. As so modified, the order, insofar as appealed from by the respective parties, is affirmed, with $10 costs and disbursements to plaintiff. The ground of the action is that the seller, defendant Trona Realty Corporation, failed to give title on the law day. Defendant Alfred C. Turino was joined in the action because he was the escrowee of the moneys paid on account of the purchase price. He had also acted in the transaction as attorney for the seller, and the complaint alleges that both he and the seller agreed to comply with plaintiff's demand for repayment of the moneys sought to be recovered in this action. The contract fixed the date for closing as August 31, 1964. There were three adjournments, all upon the seller's request, the last to December 1, 1964. That adjournment was arranged in a writing which also stated that the purchaser was consenting to that adjournment on certain conditions, one of which was "the stipulation of the seller that time shall be of the essence with respect to the new law day," to which was added: "If title does not close December 1, 1964, Purchaser shall have the option to demand return of the deposit and payment for the title search." However, this writing was signed only by the respective attorneys for the parties to the transaction, and not by the parties themselves. The seller signed no other writing purporting to make time of the essence. At about the same time that the last adjournment was arranged, the parties began to negotiate for a lease which would give the purchaser possession of the subject premises pending actual closing of title. A form of lease was drafted by the purchaser's attorney, and the respective attorneys agreed that a conference take place on December 1, 1964 at 2:00 P.M. for the purpose of reviewing and redrafting that paper. The purchaser and its attorney met with the seller's attorney at the stated time. The seller was not present. After the seller's attorney made a statement as to the proposed lease being unacceptable, the purchaser tendered performance of the contract of sale and, upon the seller's attorney's refusal to deliver title, the purchaser demanded return of the down payment together with the cost of the title search. The seller's attorney had in his possession a deed to the subject premises which had previously been executed by the seller and which was to be used for conveying title to the purchaser, together with an affidavit of title. He nevertheless permitted the purchaser and its attorney to leave the conference without the transaction closing and without the purchaser being repaid, and at that time he made no request for any further exten-

sion of time and made no claim that the time of the conference was not the time which had been last fixed for the closing of title. Later in the same day, he reached the seller by telephone and was instructed to close title immediately; he then forthwith advised the purchaser's attorney that he would then close title immediately, but the purchaser's attorney replied that the purchaser in effect considered the transaction at an end. The seller's attorney followed this with a telegram to the purchaser's attorney demanding that title close on December 8, 1964 and stating that otherwise the purchaser would be deemed in default. On the argument of these appeals, the respective attorneys for the parties agreed that no questions of fact were present and that this court should decide the appeals as from an order determining a motion for summary judgment; this court has found no questions of fact which require a trial. It is not essential for us to determine whether the stipulation adjourning title closing was void as to the provision therein that time was to be of the essence on the ground that it was not subscribed by the seller or by its "lawful agent thereunto authorized by writing" (General Obligations Law, § 5–703, subd. 2). The stipulation was at least not invalid to the extent that it arranged a new closing date, December 1, 1964. Further, the conduct of the parties supports a conclusion that they recognized the December 1, 1964 conference as the time for the closing of title to take place, at least in the event that no agreement could be reached as to the terms of the proposed lease. In our opinion, the facts that at that time the seller's attorney made no claim to the contrary and made no request for any further extension of time require the conclusion that the seller defaulted at that point. Nothing done on behalf of the seller subsequently could alter that and turn the purchaser into the defaulting party so as to entitle the seller to retain the purchaser's money and decline to make good the purchaser's title examination cost. It is notable that the seller did not defend this action on the theory that specific performance should be decreed. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.