■ OLIVER R. GRACE, Respondent, v MICHAEL C. NAPPA et al., Appellants.—In an action *inter alia* to recover the amount of a down payment made on a contract for the sale of real property, in which defendant Nappa, by counterclaim, seeks specific performance of the said contract, defendants appeal from (1) an order of the Supreme Court, Nassau County, entered November 13, 1974, which granted plaintiff's motion for summary judgment and (2) a judgment of the same court, entered December 18, 1974, upon the said order. Judgment and order reversed, with $20 costs and disbursements, and motion denied. Plaintiff and defendant Nappa entered into a contract for the sale of certain real property. The contract price was $525,000. The sum of $52,500 was payable by plaintiff upon the signing of the contract, $333,981.51 was payable at the closing, and plaintiff was to take subject to a first mortgage in the amount of $138,518.49. At the time of the delivery of the deed, the seller was to produce a mortgage reduction certificate "executed and acknowledged by the holder of such mortgage and in form for recording, certifying as to the amount of the unpaid principal and interest thereon, date of maturity thereof and rate of interest thereon". The parties further agreed that "time shall be deemed as of the essence as against both the Seller and the Purchaser" and provided that "the seller shall give and the purchaser shall accept a title such as the Title Guarantee Company * * * will approve and insure." Defendants' efforts to secure the mortgage reduction certificate were unavailing. On the law day, when the parties came together, defendants tried to show the outstanding balance of the mortgage by means other than the mortgage reduction certificate. Defendant Nappa produced 15 canceled checks, each payable to the mortgagee in an amount corresponding to the quarterly mortgage payments shown on the amortization schedule issued at the time the mortgage was given. The amortization schedule showed the dates payments were due, their application to interest and principal, and that the balance of the mortgage, after 15 payments were made, would be $138,518.49. Defendants also assert that they obtained authorization from the title company of its willingness to "certify and assure" the amount outstanding to be the amount set forth in the agreement, upon defendant Nappa's offer to place in escrow with the title company the original face amount of the mortgage. This authorization was obtained two hours after the parties had separated, since the title company representative present at the closing was not authorized to accept his offer. The issue is whether the only satisfactory indication of the amount of the mortgage outstanding as stated in the contract was the mortgage estoppel certificate, or whether defendant Nappa offered such proof of the outstanding balance of the mortgage that a reasonable person could confidently perform his side of the agreement, secure in the knowledge that he was buying a house on the terms to which he had agreed. To determine that we must look at the agreement as a whole and not necessarily give literal effect to the wording of one of its paragraphs. The trier of the facts, in looking at the relationship of the parties, has a right to determine the issues

by considering whether plaintiff had contracted to buy an estoppel certificate or a half-million dollar parcel of real property. We hold, in the circumstances, that a question of fact is posed which precludes the grant of summary judgment. Hopkins, Acting P. J., Brennan, Munder and Shapiro, JJ., concur; Cohalan, J., dissents and votes to affirm.