■ GERALD I. RHODES, Appellant, v ASTRO-PAC, INC., et al., Respondents. —Order unanimously modified, on the law, in accordance with memorandum and as modified affirmed, with costs to appellant. Memorandum: Plaintiff contracted to purchase the real property of defendant Astro-Pac, Inc., the closing to take place "on or before July 15, 1974." Prior to that date, however, defendants made time of the essence and demanded that plaintiff close on July 15 or forfeit his $5,000 deposit. The purchaser had several objections to the title, but the main dispute concerned an easement over the property which he claimed rendered the title unmarketable. The closing was adjourned and several of the objections were resolved. The objection to the easement was not. The purchaser requested further delay to determine the extent of this easement so that the seller might correct it. On July 29, 1974 the seller's lawyer once again wrote the purchaser's attorney and declared time to be of the essence, demanded that the purchaser close on July 31, 1974, and termed the purchaser's objections to the easement "ridiculous". The purchaser rejected the title and on August 23 he sued to recover his $5,000 down payment. He alleges two causes of action for breach of contract based upon failure to deliver a marketable title and failure to comply with the Syracuse housing laws, and a third cause of action for fraud and misrepresentation. He moved for summary judgment on all three causes of action and the motion was denied by Special Term. On this appeal plaintiff purchaser seeks summary judgment only on his first cause of action for breach of contract because of defendants' failure to deliver a marketable title. He asks return of the $5,000 down payment and $630 for attorney's fees and expenses incurred in the title search and survey. The defendants do not question the reasonableness of the attorney's fees and expenses. While the original contract of purchase did not make time of the essence, it is clear that the letters by the seller's attorney did so, that the closing was set finally for July 31 and that time was of the essence. The parties having failed to close or further extend the date for closing on that date, the contract was at an end *(Isse Realty Corp. v Trona Realty Corp.,* 24 AD2d 1000). Since the easement over defendant's property in favor of the adjoining land owner was an encumbrance which rendered the seller's title unmarketable *(Sorosis Build Corp. v Prolay Realty Corp.* 230 App Div 683),

and it was an encumbrance which had not been excepted by the seller's agreement to convey marketable title, the seller breached its contract and the purchaser is entitled to summary judgment on the first cause of action in the amount of $5,630 plus interest. We find no merit to defendants' contentions that plaintiff was required to tender performance. A purchaser is not required to make a tender when it is apparent that the seller cannot or will not perform *(Iannelli Bros. v Muscarella,* 24 NY2d 779, affg 30 AD2d 698; *Greene v Barrett, Nephews & Co.,* 238 NY 207; and cf. *Ziehen v Smith,* 148 NY 558). We find no merit to defendants' other contentions. Plaintiff is entitled to judgment on the first cause of action with interest from July 15, 1974 (see *Segal v Kulch,* 13 AD2d 1011, affd 11 NY2d 834). (Appeal from order of Onondaga Supreme Court in breach of contract action.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.