■ TIMOTHY CONLEY et al., Respondents, v FLOYD F. SORRENTINO, Appellant.—Casey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered January 12, 1987 in Albany County, which, *inter alia,* granted plaintiffs' cross motion for summary judgment.

In November 1985, plaintiffs entered into a written agreement to purchase real property owned by defendant. The contract originally provided for a closing date of January 10, 1986. The agreement also contained a mortgage contingency clause which gave the purchasers the option of canceling the contract based on inability to obtain mortgage approval if they notified the seller by December 15, 1985. Failure to notify the seller by the date specified constituted a waiver of this option, binding plaintiffs to the contract regardless of their ability to obtain financing.

It is undisputed that the mortgage contingency option was

extended to January 15, 1986 and that when the parties met on that date, another 30-day extension was sought by plaintiffs. Defendant refused to give the 30-day extension, but made the following notation on his business card which he signed and gave to plaintiff Timothy Conley: "The contract is extend [sic] to Fri 17, of Jan." From this date until April 14, 1986 the parties did not communicate, although defendant was aware that his land had been surveyed and that plaintiffs were seeking a zoning variance. On that date defendant wrote a letter to plaintiffs informing them that due to their default the contract was canceled. Plaintiffs thereupon commenced this action for specific performance. Following joinder of issue, both parties moved for summary judgment in their favor. Supreme Court denied defendant's motion and granted the cross motion of plaintiffs. Defendant appeals.

Although the original contract and the agreed-upon extension to January 15, 1986 did not make time of the essence, a party may make time of the essence by subsequent notice to that effect (see, Rhodes v Astro-Pac, Inc., 51 AD2d 656, affd 41 NY2d 919). However, "[t]he notice must be clear, distinct and unequivocal and must fix a reasonable time within which to perform" (76 N. Assocs. v Theil Mgt. Corp., 114 AD2d 948, 949). Regardless of defendant's intention in that regard, there is no proof in the record that defendant gave the necessary clear, distinct and unequivocal notice providing a reasonable time within which to perform.

Since defendant's other arguments are meritless, Supreme Court properly granted plaintiffs summary judgment specifically enforcing the contract. Accordingly, its order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.