■ 560 THIRD ASSOCIATES, Appellant-Respondent, v WHITEHALL TENANTS CORP., Respondent-Appellant. [601 NYS2d 905] —Order, Supreme Court, New York County (Burton Sherman, J.), entered December 8, 1992, which, *inter alia,* denied plaintiff's cross motion for summary judgment dismissing defendant's third, fifth, and sixth affirmative defenses, and denied defendant's motion for summary judgment in its entirety, unanimously modified, on the law, to the extent of granting plaintiff partial summary judgment dismissing defendant's third, fifth, and sixth affirmative defenses, and ordering defendant to issue the shares requested by plaintiff, and otherwise affirmed, with costs and disbursements.

By Agreement of Lease ("the Lease"), dated August 1, 1980, between Ambassador Associates, as Lessor, and plaintiff, as Lessee, plaintiff was granted an option (article XXXVIII) to be issued shares with respect to professional apartments in the subject building in the total amount of 10,856. At that date the building was in the process of being converted to a cooperative, and such fact was recited in article XXXVIII. Plaintiff has made its demand for such 10,856 shares upon defendant Whitehall Tenants Corp. ("Whitehall"), to whom Ambassador Associates transferred title in the building in November, 1984. Whitehall has refused to issue the shares but has not followed the refusal procedure set out in the Lease. It admits that it assumed all of Ambassador's rights and obligations as lessor but contends that, since Ambassador could never issue Whitehall shares, Ambassador could never have had the duty to issue Whitehall shares, and thus could not have assigned that duty to Whitehall. Whitehall argues that the refusal procedure set forth in article XXXVIII is irrelevant to it in this situation. That technical argument is meritless, however.

Although plaintiff has allocated the shares of the professional apartments somewhat differently from the allocation set out in Schedule C, the aggregate number of shares demanded has remained at 10,856. There has been no showing that Whitehall or the shareholder tenants would be adversely affected by such changes. And again, the matter was not raised pursuant to the refusal procedure in the Lease.

No disputed issues of material fact regarding the Internal Revenue Service ruling which was enclosed by plaintiff pursuant to article XXXVIII with its demand for the issuance of the 10,856 shares have been shown. That ruling concludes that, applying stated standards to the facts submitted, the requirements of section 216 (b) (1) (B) of the Internal Revenue Code (IRC; 26 USC) will be satisfied with respect to purchasers of shares of stock attributable to the professional units. Such ruling satisfied the requirements of the Lease. Whitehall's concerns about section 216 (b) (2) of the IRC, if indeed they are at all relevant, should have been raised pursuant to article XXXVIII of the Lease, and within the 60 days provided therein. Instead, Whitehall takes the position that the raising of objections under another section of the IRC excuses it from the refusal period and procedure prescribed in the Lease. Not only are there no material factual issues presented, but Whitehall has gone to extremes of logic to avoid the presentment of factual issues, claiming that it had only two choices, to "issue the shares within sixty days or object under IRC § 216 (b) (1)." It did neither.

The parties were free to tailor the Lease to their needs; absent circumstances warranting equitable intervention, the courts cannot reform the bargain entered into *(Grace v Nappa,* 46 NY2d 560, 565). The Lease set forth a refusal procedure, which was not followed by Whitehall. Whitehall cannot now raise issues of fact with respect to the Internal Revenue Service ruling submitted with plaintiff's request for the issuance of shares. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.