■ IRNEST SPIEGEL et al., Appellants, v PETER KESSLER et al., Respondents, et al., Defendant. [628 NYS2d 944] —Order of the Supreme Court, New York County (Walter Schackman, J.), entered February 17, 1994, which, *inter alia,* denied plaintiffs' cross motion for summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the grant of summary judgment to defendants, vacate the various awards to defendants upon their counterclaims, and reinstate the complaint, and otherwise affirmed, with costs and disbursements payable to plaintiffs. Appeal from order, same court and Justice, entered February 14, 1995, which denied plaintiffs' motion for renewal, unanimously dismissed, as academic, without costs.

Plaintiffs (sellers) owned a cooperative apartment and entered into a contract with defendants-respondents (buyers) for the sale of the cooperative stock representing the apartment on January 29, 1993. The sale was for $1,075,000 on an all-cash basis, as evidenced by the striking of the mortgage

contingency clause provision from the printed form. There was a rider to the contract that provided that "Seller will cooperate to the extent reasonably required to assist Purchaser in any application for financing". This rider expressly noted, however, that the printed mortgage contingency provision had been intentionally deleted and that "the transaction described in this Contract is not contingent upon Purchaser receiving a commitment for loan financing with respect to the Unit". The sale was also subject to the approval of the Board of Directors of the cooperative corporation.

The buyers paid a 10% deposit to the sellers' attorney, who held the $107,500 in escrow. Thereafter, as the IAS Court noted, "[t]he events that followed the making of this deposit * * * are vigorously contested". The sellers assert that the Board of Directors approved the sale of the shares on an "all-cash" basis in April 1993, but that the buyers would not proceed to a closing on May 1, 1993, the closing date set in the contract, because they sought to obtain Board approval to purchase the unit with 50% financing, but the Board refused to approve the sale on any but an all-cash basis. The sellers assert that the buyers telephoned them and informed them that they would not buy the apartment "under any circumstances", and that in early May the buyers again contacted the sellers to discuss a disposition of the contract deposit. The sellers then sent notice to the buyers that the closing was scheduled for May 19, 1993, time being of the essence. The sellers claim that the buyers initially rejected this date, and following this rejection, the sellers' counsel contacted the buyers' counsel, reiterated the May 19th closing date and requested that he be advised by May 17th whether the buyers planned to attend the closing. The sellers also allege that they received a hand-delivered letter at 8:30 P.M. on May 18th that the buyers demanded an inspection of the premises at 8:30 A.M. on May 19th. On that date, the buyers arrived at the closing and tendered a check for the balance of the purchase price. However, the sellers indicated they were not in possession of necessary documents for the closing. Further, the sellers were still in full occupancy of the apartment and none of their belongings had been removed despite a provision in the contract calling for a delivery vacant and broom clean. The sellers assert that they suggested that the parties close in escrow and that their attorney informed the buyers that the documents could be delivered together with the apartment in a broom clean condition within 24 hours. The buyers dispute that this 24 hour delivery of documents and possession of the apartment was discussed and they refused to close in escrow.

The IAS Court recognized that numerous issues of material fact would preclude the granting of summary judgment if the case involved an "ordinary contract". Because, however, the sellers chose to make "time of the essence" with regard to the May 19, 1993 closing date, the IAS Court granted the buyers' motion for summary judgment, citing *Grace v Nappa* (46 NY2d 560, 565). Thereafter, the sellers moved for renewal on the ground that Board approval for the sale had never been granted, which motion was denied.

The IAS Court erred in relying upon *Grace v Nappa (supra)* to conclude that the sellers were not entitled to a reasonable time to perform if they were not completely ready on the law day. *Grace v Nappa*, which specifically noted the duty of the court to enforce rather than reform the bargain struck "[a]bsent some indicia of fraud or other circumstances warranting equitable intervention" (*supra*, at 565), dealt with a *real property contract*, whereas here, as the IAS Court recognized, the subject contract is for the sale of personalty, i.e., the shares in the cooperative corporation, and is governed by the provisions of the Uniform Commercial Code (*see, Weiss v Karch*, 62 NY2d 849).

Therefore, since this *was* an "ordinary contract", the IAS Court was correct in its first assessment that numerous issues of material fact concerning the capacity and willingness of the parties to close title precluded summary judgment, and, accordingly, we modify to reverse the grant of such judgment to the buyers. Since this disposition renders the appeal from the subsequent order denying renewal academic, we dismiss that appeal. Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.