■ DAVID DAY REALTY, INC., et al., Respondents, v IRNEST SPIEGEL, Also Known as ERNEST SPIEGEL et al., Defendants and Third-Party Plaintiffs-Appellants. PETER A. KESSLER et al., Third-Party Defendants-Respondents. [628 NYS2d 1014] —Order, Supreme Court, New York County (Walter Schackman, J.), entered February 17, 1995, which granted plaintiffs brokers' motion for summary judgment as to liability, directed an assessment of damages and dismissed the affirmative defenses and counterclaims in the defendants-appellants sellers' answer, unanimously reversed, on the law, to deny plaintiffs' motion and reinstate the affirmative defenses and counterclaims, with costs and disbursements payable by plaintiffs. Appeal from that portion of the order of the same court and Justice, entered February 14, 1995, which denied defendants-appellants' motion to renew is unanimously dismissed as academic, with costs

and disbursements payable by plaintiffs. That portion of the order which granted third-party defendants-respondents buyers' cross motion for summary judgment dismissing the third-party complaint is unanimously reversed, and the third-party complaint is reinstated with costs and disbursements payable by defendants-respondents.

In a related case, *Spiegel v Kessler* (216 AD2d 239 [decided herewith]), involving a dispute by defendants herein, as sellers of shares in a cooperative apartment, and third-party defendants herein, as buyers, the IAS Court found that the sellers had breached the contract of sale and held that that finding was binding upon the sellers in this action under the doctrine of collateral estoppel. On appeal, we found material issues of fact and accordingly modified to deny summary judgment in favor of the buyers, a result that precludes application of collateral estoppel in this action.

"[I]t is a well-settled rule in this State that in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" (*Lane—The Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42). Although this means that the broker's right to a fee is not ordinarily dependent upon the full performance of the contract to buy or the receipt by the seller of the selling price, "the parties to a brokerage agreement are free to add whatever conditions they may wish to their agreement, including a condition that the contract of sale actually be consummated before the broker is deemed to have earned his commission" (*Levy v Lacey*, 22 NY2d 271, 274).

Here, the sellers presented some evidence that the agreement between them and the brokers was conditioned upon the closing of the sales transaction. This was disputed by the brokers but sufficient, nevertheless, to raise an issue of fact precluding the grant of summary judgment. In view of our reversal of the order granting summary judgment, we dismiss that portion of the appeal from the subsequent order denying renewal as academic. However, in view of our reversal of the grant of summary judgment to the brokers herein and the reversal of the grant of summary judgment to the buyers in the related action, we reverse the granting of the buyers' cross motion for summary judgment dismissing the third-party complaint in the subsequent order. Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.