■ DEAN ROSS, Appellant, v ERIC NELSON et al., Respondents. [861 NYS2d 670]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 17, 2006, which denied plaintiff's motion for summary judgment, granted defendants' cross motion to dismiss the first, second, fifth, sixth, seventh, eighth, ninth, tenth and seventeenth causes of action, and declared that plaintiff was properly removed as a member-manager of the subject limited liability companies and not entitled to management fees, affirmed, without costs.

The operating agreement under which the parties worked was, by its terms, guided by the Limited Liability Company

Law. Even though the agreement lacked a specific provision for removal of a member-manager, it clearly and unambiguously allowed for same by the language of article VI, which called for the dissolution of the limited liability company and its reorganization upon, among other events, the "expulsion" of a member-manager. Lacking a specific mechanism in the operating agreement for such expulsion, the parties relied on section 414 of the Limited Liability Company Law, which allows for removal of a manager by majority vote of the other members.*

Furthermore, the pertinent provisions of the operating agreement unambiguously evidenced an intent to pay management fees to the entity in the appointment of Vintage as the managing agent at the inception of the companies, as well as the payment of the fee to Vintage for approximately five years. This reflected the parties' intention to pay the entire management fee to the managing agent (see Empire Mut. Ins. Co. v Applied Sys. Dev. Corp., 121 AD2d 956, 960 [1986]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Gonzalez and Sweeny, JJ.

Andrias and Nardelli, JJ., dissent in part in a memorandum by Andrias, J., as follows: I agree that pursuant to the unambiguous terms of the operating agreement, and in light of the conduct of the member-managers since the inception of the companies, the member managers intended to pay the entire management fee to Vintage, the duly appointed managing agent. However, I would modify the order appealed from to the extent of granting plaintiff partial summary judgment declaring that he is and remains a member manager of 442-44 Third Ave. Realty, LLC and Chelsea Village Realty LLC, and denying defendants' motion to the extent it seeks dismissal of plaintiff's second cause of action for breach of the operating agreements.

Limited Liability Company Law § 414 provides for the removal or replacement of any or all managers with or without cause by a vote of a majority in interest of the members entitled to vote thereon, "[e]xcept as provided in the operating agreement." Although the operating agreements in issue do not have a specific expulsion provision, article III (members/managers) of both agreements sets forth the companies' ownership and management structure and provides, in paragraph 7, that "Eric Nelson, Gary Podell and Dean Ross have been elected member managers and shall continue to serve as member managers in

---

* The dissent's argument that article III controls would compel us to view that article in a vacuum, dismissing the significance, if not the actual presence, of article VI and thereby ignoring the need to read the agreement as a whole.

accordance with the provisions of this Agreement. In case of any vote for the election of managers all members agree to vote for Eric Nelson, Gary Podell and Dean Ross only." There is no claim of fraud or mistake in the wording or adoption of the operating agreements, and "[a]bsent some indicia of fraud or other circumstances warranting equitable intervention, it is the duty of a court to enforce rather than reform the bargain struck" (*Grace v Nappa*, 46 NY2d 560, 565 [1979]). Thus, regardless of the provision in paragraph 1 of article VI (dissolution) that the companies would be dissolved upon, inter alia, the "bankruptcy, death, expulsion, incapacity or withdrawal of any manager," since the members were obliged to vote for the three named persons in "any" election of managers, their vote to expel plaintiff from both companies and replace him with his brother was contrary to the plain and unambiguous language of the agreements. Therefore, plaintiff is entitled to a declaration that his removal from office was invalid, and to reinstatement of his second cause of action for breach of the operating agreements.