■  Man Choi Chiu et al., Appellants, v Winston Chiu, Respondent. [896 NYS2d 131]—

In an action, inter alia, for a judgment declaring the parties' interests in a certain limited liability company, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Dollard, J.), entered March 17, 2008, as granted that branch of the defendant's motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7), and (2) so much of an order of the same court entered July 14, 2008, as, upon reargument and renewal, adhered to the determination in the order entered March 17, 2008, granting that branch of the defendant's motion which was to dismiss the second cause of action.

Ordered that the appeal from so much of the order entered March 17, 2008, as granted that branch of the defendant's motion which was to dismiss the second cause of action is dismissed, without costs or disbursements, as that part of the order was superseded by the order entered July 14, 2008, made upon reargument and renewal; and it is further,

Ordered that the order entered July 14, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the second cause of action seeking his expulsion as a member of the plaintiff 45-52 Northern Blvd, LLC (hereinafter the LLC). It is undisputed that the default provisions of the Limited Liability Company Law apply, as neither the articles of organization nor the alleged operating agreement of the LLC contain a provision concerning expulsion of members (*see Manitaras v Beusman*, 56 AD3d 735 [2008]; *Ross v Nelson*, 54 AD3d 258 [2008]). Although Limited Liability Company Law § 701 mentions expulsion of members, there is no statutory provision authorizing the courts to impose such a remedy. Rather, the reference to expulsion of members contemplates the inclusion of such a provision in an operating agreement. As the LLC did not have an operating agreement setting forth a mechanism for the expulsion of members, the plaintiff failed to state a cause of action for this relief.

The alternative ground for affirmance urged by the defendant need not be reached in light of our determination (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Bienaime v Reyer*, 41 AD3d 400 [2007]). Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.