Perez-Gurri v Steffen (2020 NY Slip Op 07513)





Perez-Gurri v Steffen


2020 NY Slip Op 07513


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 157796/19 Appeal No. 12627-12628 Case No. 2020-03039 2020-02977 

[*1]Logan Perez-Gurri, Plaintiff-Appellant-Respondent,
v
Craig Steffen, Defendant-Respondent-Appellant, Katz & Matz, P.C., as Escrowee, Defendant. 


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Michael E. Fleiss of counsel), for appellant-respondent.
Kishner Miller Himes, P.C., New York (Elizabeth Tobio of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about June 3, 2020, which denied plaintiff's motion for summary judgment on his claims for a declaratory judgment, breach of contract and for attorneys' fees and dismissing defendant's counterclaims for breach of contract and for attorneys' fees, unanimously modified, on the law, to grant summary judgment to plaintiff on all claims and counterclaims except for defendant's second counterclaim for breach of contract, to declare that plaintiff's termination of the contract was valid and proper and that plaintiff is entitled to the return of the contract deposit and to remand the matter to Supreme Court to determine the reasonable amount of attorneys' fees awarded to plaintiff, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about June 3, 2020, which denied defendant's motion for summary judgment dismissing the complaint and on his counterclaims, unanimously modified, on the law, to grant partial summary judgment to defendant on his second counterclaim for breach of contract on the issue of liability, and otherwise affirmed, without costs.
The plain language of the parties' sale contract evidenced their intent to have an outside closing date of July 15, 2019 and to allow the parties to cancel the contract after that time (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]). The parties agreed that the contract would close no later than 60 days following the original "on or about" May 15, 2019 closing date (by July 15, 2019). Nor did the law require plaintiff to arrange a formal closing ceremony, given that he was not required to make a futile gesture of performance where it is evident that the seller could not perform (see Rhodes v Astro-Pac., Inc., 51 AD2d 656, 657 [4th Dept 1976], affd 41 NY2d 919 [1977]). Given defendant's inability to close by July 15, plaintiff was entitled to terminate the contract and a return of the deposit.
The court should have granted partial summary judgment to defendant on his second counterclaim for breach of contract, based on defendant's allegation that plaintiff's contractor caused damage to a wood vent cover during a mold inspection of the apartment, and that plaintiff failed to pay for or to repair the damage. Plaintiff does not deny liability, and in fact has offered to pay for such damage, despite his contention that defendant has not responded to his offers to do so. As defendant's motion on this claim was limited to the issue of liability, this portion of the motion should have been granted.
Furthermore, the parties agree that the "prevailing party" on the breach of contract claim for a return of the deposit would be entitled to recover attorneys' fees under the contract. Because plaintiff is entitled to judgment on his claims for a declaratory judgment and breach of contract, plaintiff should be awarded reasonable attorneys' fees as the prevailing party (see e.g. TAG 380, LLC v ComMet [*2]380, Inc., 10 NY3d 507, 515-516 [2008]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020