Fifteenth & Fifth LLC v LG Park Slope LLC (2021 NY Slip Op 06038)





Fifteenth & Fifth LLC v LG Park Slope LLC


2021 NY Slip Op 06038


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 652211/20 Appeal No. 14530 Case No. 2021-00730 

[*1]Fifteenth and Fifth LLC, Plaintiff-Appellant,
v
LG Park Slope LLC, Defendant-Respondent.


Schiff Hardin LLP, New York (Kayvan B. Sadeghi of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.) entered on or about February 10, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its claims and granted defendant's cross motion for summary judgment declaring that defendant was entitled to the return of a contract deposit, unanimously affirmed, with costs.
The parties entered into a contract of sale for a property containing several commercial tenants. The contract expressly provided that the risk of adverse conditions had been allocated to defendant purchaser, that plaintiff seller would not provide warranties concerning the status of tenancies, and that defendant could not refuse to close due to a tenant default. Shortly before the April 13, 2020 closing date, the largest tenant requested a rent deferral and did not pay rent in April 2020, shortly before the COVID-19 pandemic resulted in the issuance of mandatory shutdown orders. Plaintiff provided a tenant estoppel certificate stating that it had paid rent due up to March 30, 2020, which was rejected by defendant; it then provided a seller's estoppel certificate, which stated that the tenant had not paid April 2020 rent and could assert a COVID defense.
However, the tenant estoppel letter provided by plaintiff was not in any of the three specified forms set forth in section 10.01(l) of the contract (one of the "Seller's Closing Obligations"), and, with respect to plaintiff's estoppel certificate, there is no evidence that plaintiff followed the procedure set forth in section 20.00, which required it first to undertake commercially reasonable efforts to obtain a tenant estoppel letter and then to provide an unsigned estoppel in the form required by the contract. Thus, plaintiff breached a material obligation under the contract, excusing defendant from performing (see Grace v Nappa, 46 NY2d 560, 567 [1979]).
Contrary to plaintiff's contention, even to the extent sections 4, 5, and 6 of the contract relieved it from representing or warranting the existence or currentness of any leases or tenant obligations, those sections did not relieve plaintiff of fulfilling its closing obligations in section 10.01 (see FCI Group, Inc. v City of New York, 54 AD3d 171, 176 [1st Dept 2008] ["a contract is to be construed so as to give effect to each and every part"], lv denied 11 NY3d 716 [2009]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021