EXRP 14 Holdings LLC v LS-14 Ave LLC (2024 NY Slip Op 03325)

EXRP 14 Holdings LLC v LS-14 Ave LLC

2024 NY Slip Op 03325

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Rosado, Michael, JJ. 

Index No. 652698/22 Appeal No. 2504 Case No. 2023-03781 

[*1]EXRP 14 Holdings LLC, Respondent-Appellant,
v
LS-14 Ave LLC, Appellant-Respondent.

Kasowitz Benson Torres LLP, New York (Jennifer McDougall of counsel), for appellant-respondent.
Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Melissa A. Crane J.), entered June 12, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendant's counterclaims for breach of contract, specific performance, promissory estoppel, fraud, and negligent misrepresentation, but denied the motion as to defendant's counterclaim for breach of the covenant of good faith and fair dealing, unanimously modified, on the law, to dismiss the counterclaim for breach of the covenant of good faith and fair dealing, and otherwise affirmed, without costs.
Supreme Court properly dismissed the counterclaim for breach of contract, which required defendant to plead performance of the contract by defendant and a breach by plaintiff (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Here, it is undisputed that defendant did not outfit the storefront as required under the purchase and sale agreement (PSA) by the time-of-the-essence closing date on May 27, 2022. Moreover, defendant did not obtain an architect's certificate of completion until June 14, 2022. Defendant was required to meet both of these requirements in order to trigger an obligation for plaintiff to close under the PSA. "[W]here a seller seeks to hold a purchaser in breach of contract, the seller must establish that it was ready, willing, and able to perform on the time-of-the-essence closing date" (Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 138 [1st Dept 2012]). Defendant's failure to be prepared to close by that outside date constituted a material breach excusing performance by plaintiff (see Ward Capital Mgt. LLC v New Pelham Parkway N. LLC, 165 AD3d 477, 478 [1st Dept 2018]). To the extent defendant also challenges dismissal of its counterclaim for specific performance, a remedy for breach of contract, Supreme Court properly dismissed this counterclaim for the same reasons (see Grace v Nappa, 46 NY2d 560, 567 [1979]).
As to the counterclaim for promissory estoppel, defendant must allege its reasonable and foreseeable reliance on plaintiff's alleged promise to reimburse it for the changes it made to the outfitting of the retail unit (see Odonata Ltd. v Baja 137 LLC, 206 AD3d 567, 569 [1st Dept 2022]). The PSA contained a merger clause, stating that the PSA "contains the entire agreement between the parties with respect to the subject matter" of the PSA and that it "may not be modified, changed, [or] supplemented . . . except by written instrument signed by the party to be charged." Because the specifications for the retail unit were covered in the PSA, defendant's reliance on any unsigned assurances of reimbursement for changes to those specifications was not reasonable (id. at 569-570).
Supreme Court properly dismissed the counterclaims for fraud and negligent misrepresentation because defendant has not alleged a confidential, fiduciary, or otherwise special duty that plaintiff owed to defendant (see Havell Capital Enhanced Mun[*2]. Income Fund, L.P. v Citibank, N.A., 84 AD3d 588, 589 [1st Dept 2011]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011]). Arm's length negotiations on a commercial contract do not give rise to such a duty (see ESE Funding SPC Ltd. v Morgan Stanley, 68 AD3d 676, 677 [1st Dept 2009]).
Finally, Supreme Court should have dismissed the counterclaim for breach of the covenant of good faith and fair dealing. A material breach of a contract excuses the nonbreaching party's performance and precludes the breaching party from bringing a claim under the contract (see generally Grace v Nappa, 46 NY2d at 567). Thus, as to plaintiff's allegedly unfair filing of the notice of pendency, defendant cannot bring a counterclaim for breach of the covenant of good faith and fair dealing, as plaintiff's alleged conduct occurred after defendant's own material breach in failing to timely close. Moreover, even if plaintiff engaged in bad faith negotiations prior to that breach, the conduct would not have been the cause of defendant's deprivation of benefits under the PSA because it is indisputable that defendant would not have been prepared to close on May 27, 2022 regardless of those negotiations (see Jaffe v Paramount Communications, 222 AD2d 17, 22-23 [1st Dept 1996]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024