Edwards v Arrowgrass Capital Partners LLP (2025 NY Slip Op 01042)

Edwards v Arrowgrass Capital Partners LLP

2025 NY Slip Op 01042

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 654375/19|Appeal No. 3748|Case No. 2024-02759|

[*1]Michael Edwards, et al., Plaintiffs-Respondents,
v
Arrowgrass Capital Partners LLP, et al., Defendants-Appellants.

Greenberg Traurig, LLP, White Plains (Jonathan L. Sulds of counsel), for appellants.
Rafkin, PLLC, New York (Seth A. Rafkin of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 18, 2024, which denied in part defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted in its entirety. The Clerk is directed to enter judgment dismissing the complaint.
In the consultancy agreement at issue, plaintiff Michael Edwards, in connection with defendants' efforts to sell a stake in a company they owned, was granted the exclusive right to solicit and present bids, and defendants agreed to work with Edwards in good faith and to use commercially reasonably efforts to negotiate a definitive sales agreement. Plaintiffs asserted a breach of contract claim alleging that defendants breached their contractual obligation by declining to make any efforts to negotiate a sale agreement on the bid he presented.
Defendants moved for summary judgment, arguing, as relevant here, that plaintiffs could not hold them liable on the breach of contract claim because the evidence conclusively establishes that Edwards materially breached his contractual obligations to "faithfully and diligently" provide his services and to observe and comply with defendants' compliance policies and procedures by failing to disclose, as he admitted in his deposition, that he owned a majority share of the membership interests of the company, MNA Capital LLC, whose bid he had presented. The motion court found issues of fact as to whether Edwards violated defendants' policies, citing conflicting testimony as to whether Edwards disclosed "his involvement in MNA, and the extent of his involvement," as well as Edwards's admission that he did not disclose his membership interest in MNA.
The court should have granted defendants' motion in its entirety, as defendants established plaintiffs' material breach of the consultancy agreement, entitling them to summary dismissal of plaintiffs' claim (see Grace v Nappa , 46 NY2d 560, 567 [1979]; Special Situations Fund III v Versus Tech. , 227 AD2d 321, 321 [1st Dept 1996], lv denied 88 NY2d 815 [1996]). The record establishes Edwards's failure to disclose the financial interest he had in the bid he was presenting, and establishes his violation of defendants' policies requiring disclosure of conflicts of interest and his obligations to faithfully and
diligently provide consulting services, all of which constituted a material breach of the consultancy agreement. Accordingly, plaintiffs cannot enforce a contractual term that obligated defendants to negotiate in good faith on the bid Edwards presented.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025