Lengyel-Fushimi v Bellis (2025 NY Slip Op 05229)

Lengyel-Fushimi v Bellis

2025 NY Slip Op 05229

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-06521
2021-08841
 (Index No. 512764/21)

[*1]Peter Lengyel-Fushimi, appellant,
v
Anthony Bellis, et al., respondents.

Law Office of Alexander Sakin, LLC, New York, NY, for appellant.
O'Donoghue PLLC (Morrison + Tenenbaum PLLC, New York, NY [Brian J. Hufnagel and Lawrence F. Morrison], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 25, 2021, and (2) an order of the same court dated October 26, 2021. The order dated August 25, 2021, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated July 15, 2021, as granted that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of the defendant Kings County Brewers Collective, LLC, and thereupon denied that branch of the motion. The order dated October 26, 2021, insofar as appealed from, upon reargument, adhered to the determination in the order dated August 25, 2021, upon reargument, denying that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of the defendant Kings County Brewers Collective, LLC.
ORDERED that the order dated August 25, 2021, is reversed insofar as appealed from, on the law, upon reargument, the determination in the order dated July 15, 2021, granting that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of the defendant Kings County Brewers Collective, LLC, is adhered to, and so much of the order dated October 26, 2021, as, upon reargument, adhered to the determination in the order dated August 25, 2021, upon reargument, denying that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of the defendant Kings County Brewers Collective, LLC, is vacated; and it is further,
ORDERED that the appeal from the order dated October 26, 2021, is dismissed as academic in light of our determination on the appeal from the order dated August 25, 2021; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2014, the defendants Anthony Bellis and Zachary Kinney and the plaintiff (hereinafter collectively the founders) entered into an operating agreement (hereinafter the operating [*2]agreement) for the defendant Kings County Brewers Collective, LLC (hereinafter KCBC), which operated a brewery with a taproom.
The operating agreement provided for "three Member Classes of Units," designated as "Class A Member Units," "Class B Member Units," and "Class C Member Units." The operating agreement designated the founders as "Class A Members" with each of the founders owning equal percentages of the Class A membership units. Article 4.1 of the operating agreement provided that KCBC "shall be managed by the Class A Members" and further provided, inter alia, that "[i]n the event of a dispute between Members, final determination shall be made by a vote of the majority of the Class A Members." Article 6.1 provided, among other things, that "Class A Members will have sole voting rights on [KCBC's] day to day operations" and "the vote of the Class A Members holding a majority of the Class A Membership Interests shall be required to approve or carry an action." Article 10.1 provided, inter alia, that the operating agreement "shall not be modified or amended in any respect except by a written instrument executed by all of the Members."
In April 2021, Bellis and Kinney purported to terminate the plaintiff as "an employee of the Company and Class 'A' Managing Member of [KCBC]" pursuant to a vote of the majority of the Class A members. Bellis and Kinney also purported to transition the plaintiff's equity to a new category of membership units, "Class D."
Thereafter, the plaintiff commenced this action, among other things, for declaratory and injunctive relief, and in June 2021, moved, inter alia, for a preliminary injunction restraining the defendants from removing him as a Class A member of KCBC and from, in effect, removing him as a manager of KCBC. In an order dated July 15, 2021, the Supreme Court, among other things, determined that the plaintiff demonstrated a likelihood of success on the merits of those branches of his motion and, in effect, granted those branches of the motion.
On July 22, 2021, the defendants moved for leave to reargue, inter alia, their opposition to those branches of the plaintiff's motion. In an order dated August 25, 2021, the Supreme Court, among other things, granted leave to reargue and, upon reargument, adhered to the determination in the order dated July 15, 2021, granting that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from removing him as a Class A member of KCBC. However, the court, upon reargument, also, in effect, vacated the determination in the order dated July 15, 2021, granting that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of KCBC, and thereupon denied that branch of the motion.
In September 2021, the plaintiff moved for leave to reargue his opposition to that branch of the defendants' motion which was for leave to reargue their opposition to that branch of the plaintiff's prior motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of KCBC. By order dated October 26, 2021, the Supreme Court, inter alia, upon reargument, adhered to the determination in the order dated August 25, 2021, upon reargument, denying that branch of the plaintiff's prior motion. The plaintiff appeals from so much of the orders dated August 25, 2021, and October 26, 2021, as, upon reargument, respectively, denied and adhered to the determination denying that branch of his motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of KCBC.
"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301).
"As relevant here, the Limited Liability Company Law allows members to enter into an operating agreement wherein the members can agree to certain terms, conduct, and provisions for operating the business" (Tzu Yen Cheung v Dolar Shop Rest. Group, LLC, 229 AD3d 738, 741 [internal quotation marks omitted]; see Limited Liability Company Law § 417[a]; Garcia v Garcia, 187 AD3d 859, 861; Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 128-129). "The statute reflects [*3]legislative deference to the parties' contractual agreement, while also providing a default procedure when there is no operating agreement in place or such agreement does not address certain subjects" (Garcia v Garcia, 187 AD3d at 861; see Matter of 1545 Ocean Ave., LLC, 72 AD3d at 128-129).
"Unless the articles of organization provides for management of the limited liability company by a manager or managers or a class or classes of managers, management of the limited liability company shall be vested in its members who shall manage the limited liability company in accordance with this chapter," subject to, among other things, any provisions to the contrary in the operating agreement (Limited Liability Company Law § 401[a]). By contrast, "[i]f the articles of organization provides that the management of the limited liability company shall be vested in a manager or managers or class or classes of managers, then the management of the limited liability company shall be vested in one or more managers or classes of managers" (id. § 408[a]). "If management of a limited liability company is vested in its members, then (i) any such member exercising such management powers or responsibilities shall be deemed to be a manager for purposes of applying the provisions of this chapter, unless the context otherwise requires, and (ii) any such member shall have and be subject to all the duties and liabilities of a manager provided in this chapter" (id. § 401[b]).
Here, Article 4.1 of the operating agreement provided that KCBC shall be managed by the Class A members instead of managers. Contrary to the defendants' contentions, Article 4.1 and Article 6.1, which provides, inter alia, that the Class A members will have sole voting rights on KCBC's "day to day operations" and that disputes may be resolved by a vote of the majority of the Class A members, do not authorize the Class A members to remove another Class A member as a manager by majority vote.
Contrary to the defendants' further contention, Limited Liability Company Law § 414 does not apply in this case. That section provides "[e]xcept as provided in the operating agreement, any or all managers of a limited liability company may be removed or replaced with or without cause by a vote of a majority in interest of the members entitled to vote thereon" (id.). Here, the operating agreement provided that the limited liability company would be managed by the Class A members instead of managers. This case is distinguishable from Ross v Nelson (54 AD3d 258). In that case, the Appellate Division, First Department, determined that the subject operating agreement "clearly and unambiguously" indicated the intent to allow for the removal of a member-manager through its inclusion of language that allowed for the dissolution of the limited liability company and its reorganization upon, among other events, the "expulsion" of a member-manager (see id. at 259 [internal quotation marks omitted]). As the operating agreement in that case lacked a specific mechanism for the expulsion of the member-manager, the parties could rely upon Limited Liability Company Law § 414 to provide the mechanism for removal (see Ross v Nelson, 54 AD3d at 259). By contrast, here, no provision of the operating agreement "clearly and unambiguously" indicated the parties' intent to allow for the removal of a Class A member as a manager, and therefore, the defendants may not rely upon Limited Liability Company Law § 414 to provide the mechanism for removal of the plaintiff as a manager of KCBC (Garcia v Garcia, 187 AD3d at 862; see Ross v Nelson, 54 AD3d at 259; see also Man Choi Chiu v Chiu, 71 AD3d 646, 647).
Thus, the plaintiff demonstrated that his removal as a manager of KCBC would likely require an amendment to the operating agreement, which, under Article 10.1, required a written instrument executed by all of the members. As it is undisputed that all members did not execute any purported amendment to the operating agreement removing him as a manager of KCBC, the plaintiff demonstrated a likelihood of success on the merits on that branch of his motion which was for a preliminary injunction restraining the defendants from, in effect, removing him as a manager of KCBC. Further, the plaintiff demonstrated potential irreparable injury absent the preliminary injunction, and the balance of the equities are in his favor (see Reichman v Reichman, 88 AD3d 680, 682).
Accordingly, in the order dated August 25, 2021, the Supreme Court, upon reargument, should have adhered to the determination in the order dated July 15, 2021, granting that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants [*4]from, in effect, removing him as a manager of KCBC.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court